The Louisville, New Albany and Chicago R'y Co. *v.* Sandford, Adm'x.

No. 13,454.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* SANDFORD, ADMINISTRATRIX.

RAILROAD.—*Negligence.*—*Defective Bridge.*—*Continuing in Service with Knowledge of.*—*Assumption of Risk.*—One in the service of a railroad company in the capacity of baggage-master, assumes the increased risk resulting from an insufficient bridge on the line of road over which he runs, and waives any claim upon the employer for damages, if he has notice of its dangerous character and thereafter voluntarily continues in the service.

SAME.—*Complaint.*—*Allegation that Employee was Ignorant of Danger.*—A complaint against a railroad company seeking to recover for the death of an employee, caused by the fall of a bridge beneath the train on which he was employed, which it is alleged the defendant had permitted to become unsafe, is bad unless it is averred that the intestate was ignorant of the unsafe condition of the bridge.

From the Floyd Circuit Court.

*G. W. Easley, G. W. Friedley, C. L. Jewett, H. E. Jewett* and *G. R. Eldridge,* for appellant.

*A. Dowling,* for appellee.

ELLIOTT, C. J.—The appellee alleges in her complaint that Charles W. Sandford, her intestate, was in the appellant's service in the capacity of a baggage-master; that, on the line of the appellant's railroad, and forming part of its road, was a bridge across a stream; that, on the 24th day of December, 1883, and for a long time prior to that day, the appellant had negligently permitted the bridge to become unsafe; that the piers were weak and not capable of resisting the force of floods to which the stream was subject; that, on the 24th day of December, 1883, while the plaintiff's intestate was being carried over the road as baggage-master, the bridge fell, and without fault on his part he was killed.

The complaint sufficiently shows that the plaintiff's intestate was not guilty of contributory negligence, for the general averment that he was without fault excludes the existence

| | |
|---|---|
| 117 | 265 |
| 117 | 521 |
| 118 | 582 |
| 121 | 126 |
| 122 | 590 |
| 117 | 265 |
| 124 | 428 |
| 127 | 51 |
| 117 | 265 |
| 130 | 325 |
| 117 | 265 |
| 132 | 343 |
| 132 | 446 |
| 133 | 242 |
| 117 | 265 |
| 134 | 159 |
| 134 | 344 |
| 135 | 366 |
| 117 | 265 |
| 137 | 312 |
| 138 | 22 |
| 117 | 265 |
| 143 | 575 |
| 117 | 265 |
| 152 | 595 |
| 117 | 265 |
| 154 | 154 |
| 117 | 265 |
| 159 | 151 |
| 117 | 265 |
| 160 | 264 |
| 160 | 271 |
| 117 | 265 |
| 161 | 674 |
| 161 | 683 |
| e161 | 685 |
| e161 | 686 |
| 162 | 93 |
| 162 | 562 |
| 117 | 265 |
| 163 | 252 |
| 117 | 265 |
| 164 | 651 |
| 117 | 265 |
| 170 | 88 |

of contributory negligence. *Evansville, etc., R. R. Co.* v. *Crist,* 116 Ind. 446 ; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196 ; *Mitchell* v. *Robinson,* 80 Ind. 281 ; *Pittsburgh, etc., R. W. Co.* v. *Wright,* 80 Ind. 182.

But there is no averment that the intestate was ignorant of the unsafe condition of the bridge, and the omission of this averment presents the only difficult question arising on the demurrer to the complaint.

The general rule is that an employer must use reasonable care, skill and diligence to provide his employees with a safe working place, and that he must also make reasonably safe the machinery and appliances which the nature of the service requires his employees to use. *Indiana Car Co.* v. *Parker,* 100 Ind. 181 ; *Baltimore, etc., R. R. Co.* v. *Rowan,* 104 Ind. 188 ; *Krueger* v. *Louisville, etc., R. W. Co.,* 111 Ind. 51 ; *Pennsylvania Co.* v. *Whitcomb,* 111 Ind. 212 ; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378 ; *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566.

This rule requires a railroad company to construct and maintain the bridges which carry its rails across brooks and rivers in a reasonably safe condition. The employees enter its service under an implied contract that this duty will be performed, and, under this contract, they impliedly assume all the ordinary perils of the service. Employees assume all the ordinary risks incident to the employment, but they assume no extraordinary risks caused by the employer's breach of duty, unless they have knowledge of the unusual danger caused by the breach, and voluntarily continue in the company's employment. If, with this knowledge, they do continue, then the increased danger becomes an incident of the service which they assume, and for liability from which the master is exonerated. *Indianapolis, etc., R. W. Co.* v. *Watson,* 114 Ind. 20.

The knowledge of the danger adds it as one of the incidents of the employment which the employee assumes. It becomes a danger which his continuance in the master's ser-

vice makes an incident of the service, and when it takes this character the master is no longer bound to answer for the employee's safety, so far as it is imperilled by the danger voluntarily and knowingly assumed. The knowledge, in conjunction with the continuance in the service, operates as a waiver of the right to make the master responsible. " It is," says Mr. Beach, " the rule applicable to this matter that if the servant, when the defect or danger is brought to his knowledge—when he discovers that the machinery, buildings, premises, tools, or any other instrumentalities of his labor, are unsafe or unfit, or that a fellow-servant is careless or incompetent—continues in the employment, without protest or complaint, he is deemed to assume the risks of such danger, and to waive any claim upon his master for damages in case of injury." Beach Cont. Neg., section 140.

This puts the rule exonerating the master on the true ground. He is exonerated because the employee himself assumes the danger, as increased, and, as he voluntarily assumes it, the master is relieved. The parties change positions; the employee assumes the risk that,if it were not for his knowledge, his employer would be compelled to assume. The duty which the employer is under is materially affected by the element of knowledge, and unless a duty is shown of course there can be no actionable negligence, since a duty lies at the foundation of every right of action grounded on the negligence of a defendant. It must follow, in order to show a breach of duty creating a cause of action for its breach, that it is necessary to aver that the employee was ignorant of the default of the employer which increased the perils of the service.

The plaintiff in such a case is the actor, and must show a complete cause of action, and, to do this, he must aver facts showing that the danger which augmented the risks of his service was not known to him. In at least two cases this court has explicitly affirmed this doctrine. *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1 ; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75.

From these decisions we should not depart, unless thoroughly satisfied that they are unsound in principle, and of this we are far from being convinced. There is some conflict in the authorities as to the principle upon which rests the rule exonerating the employer from liability, in cases where the employee continues in the employer's service after knowledge that his peril has been increased, but the weight of authority, as we believe, supports our decisions. All the authorities agree that negligence on the part of the employer is not to be presumed, and that it rests on the plaintiff to aver and prove every fact essential to the existence of actionable negligence. *Riest* v. *City of Goshen*, 42 Ind. 339 ; *Pennsylvania Co.* v. *Whitcomb, supra ; Summerhays* v. *Kansas Pacific R. W. Co.*, 2 Col. 484 ; *Mobile, etc., R. R. Co.* v. *Thomas*, 42 Ala. 672 ; *State* v. *Philadelphia, etc., R. R. Co.*, 60 Md. 555 ; *Davis* v. *Detroit, etc., R. R. Co.*, 20 Mich. 105 ; *The Gladiolus*, 21 Fed. Rep. 417 ; *Cummings* v. *National Furnace Co.*, 60 Wis. 603 ; *Belair* v. *Chicago, etc., R. R. Co.*, 43 Iowa, 662.

In stating what the employee must prove, a recent writer asserts that he must establish that he did not know, and had not equal means with the master of knowing, that the machine or appliance was defective. Proof and Pleading in Accident Cases, section 21. Many of the authorities we have cited and those which follow assert the same general rule. *Reardon* v. *New York, etc., Card Co.*, 19 Jones & S. 134 ; *Duffy* v. *Upton*, 113 Mass. 544 ; *Leary* v. *Boston, etc., R. R. Co.*, 139 Mass. 580 ; *Wright* v. *New York Central R. R. Co*, 25 N. Y. 562 ; *Stoeckman* v. *Terre Haute, etc., R. R. Co.*, 15 Mo. App. 503 ; *East Tennessee, etc., R. R. Co.* v. *Duffy*, 12 Lea, 63 ; *East Tennessee, etc., R. R. Co.* v. *Stewart*, 13 Lea, 432 ; *St. Louis, etc., R. W. Co.* v. *Harper*, 44 Ark. 524 ; *Colorado Central R. R. Co.* v. *Ogden*, 3 Col. 499.

Men may accept employment in a service of a perilous character and yet not be guilty of contributory negligence, although they do assume all the risks incident to the service which they

enter. Men may, without being guilty of contributory negligence, engage in the business of manufacturing gunpowder or dynamite, and yet, when they do engage in such a business, they take upon themselves all the ordinary risks incident to it. Employees engaged in any business, however dangerous its character, have a right to assume that their employer will not subject them to any unknown or extraordinary danger; the employer, however, is bound to do no more than use ordinary care, skill and diligence to provide for their safety, but this requires that he shall do all that the nature of the employment will permit to accomplish this object. But if he fails to do his full duty, and the employee has seasonable and adequate knowledge of the failure, and continues in the service, he assumes the risk resulting from this failure. There is a class of cases where a man has no right to assume the risk. Society has an interest in the lives of its members, and no citizen has a right to knowingly and voluntarily place himself in a position of immediate and certain danger. *Indianapolis, etc., R. W. Co.* v. *Watson, supra; Cunningham* v. *Chicago, etc., R. R. Co.*, 17 Fed. Rep. 882 (12 Am. & Eng. R. R. Cases, 217).

Where the danger is not immediate and certain, a man may assume the risk without violating the rule last stated, but in doing so he divests himself of a right to recover from his employer in cases where the danger is fully and seasonably brought to his knowledge, since the known danger becomes in such cases one of the risks he assumes as an incident of his service. He may not be guilty of contributory negligence in taking some risk, since he may be doing what other reasonably prudent men likewise do; but, like all the others in the common service in which he engages, he assumes all the risks arising from dangers of which he has full notice, by continuing in service after he obtains that knowledge.

The question comes to us as one of pleading and not as one of evidence. Material facts must be directly stated in a pleading, but they may be inferred from testimony and from

circumstances, when the question is as to the measure and sufficiency of proof.    Inferences are admissible and controlling where the question is one of proof, but not so where the question is one of pleading.    It is not enough to plead evidence from which facts may be inferred, but the facts themselves must be stated in an issuable form.

Judgment reversed.

Filed Jan. 30, 1889; petition for a rehearing overruled March 28, 1889.