THE CHICAGO AND ERIE RAILROAD COMPANY v. LONG.

[No. 2,026.   Filed December 1, 1896.]

RAILROADS.—*Damage by Fire.*—*Complaint.*—In an action against a railroad company for damages caused by fire, a complaint alleging that the defendant negligently permitted a fire to originate on its right of way, and negligently permitted it to escape upon the plaintiff's lands, and to burn the soil and crops thereon, is sufficient to withstand a demurrer.

PRACTICE.—*Examination of Witness.*—*Harmless Error.*—The propounding to a witness, of an improper question, where the answer thereto is not responsive and contains no statement as to the issue being tried, is harmless error.

SAME.—*Examination of Witness.*—*Leading Questions.*—The use of leading questions in the examination in chief of a witness is within the sound discretion of the court.

From the La Porte Circuit Court.   *Affirmed.*

*W. O. Johnson, J. W. Crumpacker* and *William Johnson*, for appellant.

*F. E. Osborn* and *J. H. Bradley*, for appellee.

LOTZ, C. J.—The appellee sued the appellant to recover damages done to his lands and crops by fire alleged to have been negligently permitted to escape from the appellant's right of way and recovered a judgment in the court below. The complaint is in four paragraphs. Dumurrers were overruled to each, and these rulings are assigned as error. The appellant,

however, only considers the ruling as to the fourth paragraph, thereby waiving the rulings as to the others.

The fourth paragraph avers, in substance, that the defendant negligently permitted a fire to originate on its right of way, and negligently permitted it to escape upon the plaintiff's lands and to burn the soil and crops thereon. The paragraph is sufficient. *Chicago, etc., R. W. Co.* v. *Burden*, 14 Ind. App. 512.

The next error assigned .is the overruling of appellant's motion for a new trial.

On the trial of the cause the appellee propounded to his witness, Iseminger, this question, "What, if anything, did Mr. Bailey say to Mr. Carroll about the fire having been started from an engine on the railroad, which was then burning?"

Appellant's objection to this question was overruled, but as the answer was not responsive to the question, and nothing was stated as to the origin of the fire, the error, if any, was harmless.

Objections were made to certain questions propounded to this witness as being leading. This was matter in the sound discretion of the court, and there was no abuse of that discretion in this instance.

The appellee's objection was sustained to certain questions propounded to appellant's witness, Penestone, relating to the value of the hay destroyed. But as the witness was subsequently permitted to give his opinion as to the value of the hay, there was no harm in this ruling.

Complaint is also made of other rulings of the court in excluding certain evidence offered by appellant. We have examined these objections and find no reversible error in the record.

Judgment affirmed.