## INDIANA RAILWAY COMPANY *v.* MAURER.

[No. 20,005. Filed February 3, 1903.]

TRIAL.—*Verdict.—Interrogatories to Jury.—Conflict.*—A general verdict will not be defeated by isolated facts disclosed by answers to interrogatories, unless such facts are shown to be so repugnant and contradictory to the general verdict that both can not be true under any conceivable state of facts provable under the issues. *pp. 26, 27.*

SAME. — *Interrogatories.—Motion for Judgment.— General Verdict.—Contributory Negligence.—Presumption.*—In an action against a street car company for injuries sustained by plaintiff while attempting to alight from a car, the evidence showed that plaintiff held to the running-board of the car and was dragged thereby and injured. There was a general verdict for plaintiff, and in answer to an interrogatory as to whether plaintiff could have released his hold on the car and have avoided being injured, the jury answered "No evidence." *Held,* that the trial court, on motion by defendant for judgment notwithstanding the general verdict, could not presume that plaintiff could have released his hold by the exercise of ordinary care and was therefore guilty of contributory negligence. *pp. 27, 28.*

NEGLIGENCE.—*Alighting from Street Car.*—Where an aged and crippled passenger was thrown down by the premature starting of a street car from which he was attempting to alight, and in the fall caught hold of the car and was dragged and thereby injured, his act in holding to the car did not, under the circumstances, constitute contributory negligence. *p. 28.*

CONTINUANCE.—*Absent Witness.—Admissions.*—Defendant asked a continuance to enable him to procure the testimony of an absent witness. To avoid a postponement of the trial, plaintiff admitted that if present the witness would testify to the material facts set forth in defendant's affidavit in support of his motion. *Held,* that plaintiff's admissions did not embrace statements of conclusions set forth in the affidavit. *p. 29.*

WITNESSES.—*Leading Questions.—Discretion of Court.*—While as a general rule leading and suggestive questions should be disallowed,

Indiana R. Co. *v.* Maurer.

yet, to permit leading questions will not constitute reversible error unless it very clearly appears that there was such abuse of discretion as amounts to substantial injustice.   *p. 30.*

DAMAGES.—*Evidence.*—*Complaint of Pain.*—In an action for personal injuries, evidence that plaintiff complained of pain to one not a physician, and at a time other than the time of the injury, is admissible.   *p. 30.*

TRIAL.—*Instructions.*—The propriety of an instruction is to be determined not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial.   *p. 31.*

SAME.—*Instruction not Relevant to Issues.*—*Injury of Street Car Passenger While Alighting from Car.*—Where, in an action, against a street car company for personal injuries sustained by plaintiff while attempting to alight from a car, the only act of negligence complained of was the premature starting of the car, an instruction, that the defendant should be found guilty of negligence if its employes in charge of the car failed to assist plaintiff to alight, was erroneous.   *pp. 30, 32.*

From St. Joseph Circuit Court;   *W. A. Funk*, Judge.

Action by John Maurer against the Indiana Railway Company.   From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Reversed.*

*A. L. Brick* and *D. D. Bates*, for appellant.

*O. M. Cunningham* and *F. J. L. Meyer*, for appellee.

HADLEY, C. J.—Suit by appellee to recover damages for injuries received through the alleged negligence of appellant in operating its street railroad in the city of South Bend.   Upon issues joined by the general denial, the jury returned its verdict for appellee for $400, and therewith returned their answers to divers interrogatories propounded by the court.   Appellant's motion for judgment upon said answers, notwithstanding the general verdict, was overruled, as was also its motion for a new trial.   The errors assigned and not waived assail the action of the court in overruling these several motions.

1.   A general verdict is the solemn declaration of the jury that upon all the facts proved in the case the plaintiff's

injury was the direct and proximate result of the defendant's negligence charged in the complaint, and that the plaintiff was free from fault contributing thereto; and in support of the conclusion of the jury it has been often decided by this court that a general verdict will not be defeated by isolated facts disclosed by answers to interrogatories, unless such facts are shown to be so repugnant and contradictory to the general verdict that both can not be true under any conceivable state of facts provable under the issues. *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690, and cases cited. In determining the force of such specific facts we can look only to the pleadings, the general verdict, and answers to interrogatories. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297.

It is averred in the complaint that the plaintiff is old, infirm, and possessed of but one leg; that in alighting from the street car it was necessary for him to use both hands in supporting himself; and that while reaching for and attempting to remove from the car a grip bag which he had, and before he had time to remove it, the defendant suddenly and negligently started the car, thereby causing the plaintiff to be thrown down and dragged by the car, whereby he was injured, etc. The answers to interrogatories show that appellee was a passenger upon appellant's street car, and carried a satchel. The car was stopped to permit appellee to alight. The conductor did not assist him, and while appellee was reaching for his grip bag the car was suddenly started, and threw appellee down. Appellee in falling, caught hold of the running-board of the car, and holding on thereto was dragged a distance of ten feet, and injured by being so dragged. The twenty-fourth interrogatory and answer were as follows: "Could the plaintiff have released his hold on the car, and have avoided being dragged? A. No evidence."

It is argued that appellee's holding on to the running-board of a moving car, after he had fallen, until it had

dragged him ten feet, is *prima facie* contributory negligence, and therefore incumbent upon appellee to show affirmatively that he could not let go the car, and avoid being dragged; and, as there was no evidence upon the point, the court must presume that he could have released his hold by the exercise of ordinary caution, and have avoided the injury. Appellant's argument must fail for two reasons: (1) Because this court can indulge no presumption against the general verdict; and (2) because of the well established rule that "One who does an act under an impulse or upon a belief created by a sudden danger attributable to another's negligence is not to be regarded as guilty of contributory fault, even though the act would be regarded as a negligent one if performed under circumstances not indicating sudden peril." *Clarke* v. *Pennsylvania Co.*, 132 Ind. 199, 17 L. R. A. 811; *Pennsylvania Co.* v. *McCaffrey*, 139 Ind. 430, 29 L. R. A. 104; *Lake Erie, etc., R. Co.* v. *McHenry*, 10 Ind. App. 525. Here the plaintiff was old, infirm, and with but one leg, and as he stood by the side of the car, necessarily leaning upon his crutch, or holding to the car, while he reached for his grip bag, by the untimely and negligent starting of the car, he was thrown to the ground, and near to the revolving wheels of the car. Having been thus suddenly and unexpectedly cast into a situation that might reasonably appear to him to be one of imminent danger of losing his life or of suffering great bodily harm, the seizing of the running-board, which would at least stay him from passing under the wheels, can not be accounted contributory negligence, *per se,* even though it was clear to one not imperiled that the safer course would have been not to have seized the running-board. The jury, whose duty it was to characterize the act, determined by their general verdict that appellee was free from contributory fault; and that must be the end of it so far as it is affected by the interrogatory and answer in question.

Indiana R. Co. v. Maurer.

2. Before the trial appellant seasonably moved the court for a continuance of the cause to enable it to procure the testimony of an absent witness, who was the motorman of the car by which appellee was injured. To avoid a postponement of the trial, appellee indorsed upon the affidavit filed in support of the motion for a continuance an admission that the absent witness, if present, would testify to the material facts stated in the affidavit. Subsequently appellee moved the court that certain sets of words contained in the affidavit for continuance be not read to the jury as admitted testimony of the absent witness, for the reason that such words stated incompetent conclusions only. The several sets of objectionable words follow: (a) "Through no fault of the defendant, or its officers, or agents, or employes, but through his own negligence and fault." (b) "And that if plaintiff had not fallen by his own negligent act, no accident could have happened to him by reason of the starting of the car." (c) "That at the time the car was started by the motorman there was no possible danger of any injury to the plaintiff." (d) "And did not suffer any injury by reason of the accident as aforesaid." Which motion the court sustained and denied appellant the right to read said words to the jury. Of this action appellant complains. The full scope of appellee's admission was, in effect, that if the absent witness was present he would testify to all the competent and material facts set forth in the affidavit. The admission did not embrace the conclusions which the witness might draw from the facts testified to, and which he would not be permitted to state if testifying before the court. Conclusions are for the jury and not for witnesses to draw. We deem it unprofitable to set forth the context in which the several sets of words appeared, as it is sufficiently clear from the words themselves that they would have been purely conclusions of the witness. The court therefore did not err in withholding them from the jury.

3. Appellee testified through an interpreter. In describing how the injury was produced his attorney directed the interpreter, "Tell him to state whether or not his foot at that time became twisted or wrenched?" Appellant's objection to the question, because it was leading and suggestive, was overruled. The trial court has large discretion as to the form and character of questions that may be asked a witness, and while as a general rule leading and suggestive questions should be disallowed, yet the subject is so far controlled by circumstances of age, understanding, and manner of the witness that leading questions will not constitute reversible error, unless it very clearly appears that there was such an abuse of discretion as amounts to substantial injustice; and such is not the case in this instance. *App* v. *State,* 90 Ind. 73; *Chicago, etc., R. Co.* v. *Long,* 16 Ind. App. 401.

4. Complaint is made of the admission in evidence of the following questions and answers, addressed to the plaintiff's wife: "How long did your husband make this complaint of pain? A. He was in bed five weeks, complaining of his head and foot. What, if any complaint, does he now make of his foot? A. He still has such pain in his foot that he can't stand on it. What complaint, if any, does he make of his back? A. He complains now of having pain in his back, way down." The contention is that complaints of pain made to one not the attending physician, at a time so remote from the injury as not to be a part of the *res geslae,* is hearsay, and therefore not admissible. The rule is otherwise in this State. *Louisville, etc., R. Co.* v. *Miller,* 141 Ind. 533, and cases there collected. See, also, Greenleaf, Evidence (16th ed.), §162b; 15 Am. & Eng. Ency. Law (2d. ed.), 315.

5. The second instruction given to the jury is complained of. It is in substance as follows: A higher degree of care is required of a street car company towards passengers who are aged and infirm than towards the active and

Indiana R. Co. *v.* Maurer.

able-bodied, and it is the duty of such company to assist such infirm passengers—if in need of assistance—in alighting from its car when they are passengers thereon; and if it was shown that the plaintiff was a passenger on the defendant's car, and was infirm, and a cripple, and in need of assistance in alighting from the car, and the defendant knew such facts, and the defendant having stopped the car to allow the plaintiff to alight, failed and neglected to assist him, and started the car forward before the plaintiff had fully alighted, thereby throwing and injuring the plaintiff, the defendant should be found guilty of negligence.

Instructions to the jury must be confined to the issues. It is fundamental that a plaintiff can recover only upon the complaint he makes; that is, he can not complain of one thing, and recover for another.    Hence in directing the jury as to the rules of law that shall guide them in reaching their verdict, the court must avoid leading them away from the issue made by the pleadings, and into giving effect to facts not in the case.    If extraneous and irrelevant facts have been disclosed by the evidence which are likely to influence the jury, the latter should be admonished to disregard them; and a statement of the law relating to such irrelevant facts without limitation, and in such manner as naturally to lead the jury to believe such facts effective in the consideration of their verdict, will constitute reversible error, because inclined to mislead the jury.    *Lindley* v. *Sullivan,* 133 Ind. 588, 592; *McKeen* v. *Porter,* 134 Ind. 483, 490; *Nichol* v. *Thomas,* 53 Ind. 42, 52; Elliott, Gen. Pr., §899.    The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial.

The court clearly stepped outside the case made by the pleadings in the giving of this instruction.    The sole ground

of complaint is the untimely starting of the car before the plaintiff had time fully to alight. That the defendant failed to assist the plaintiff in leaving the car is not stated as a cause for damages, or even that such thing had occurred, and therefore, so far as it affected 'the plaintiff's right to recover damages, it was wholly immaterial whether the defendant did or did not assist him from the car. The record shows that considerable evidence was given, without objection, both in support and in denial of the conductor's claim that he did assist the plaintiff off the car; but the giving of irrelevant evidence without objection furnishes the court no sufficient justification for charging the jury that the defendant might be found guilty of negligence upon a state of facts not properly in the case. The natural effect of such charge is to impress the jury that the fact of assistance or non-assistance is material, and the truth may be that in arriving at their verdict the jury found the defendant guilty of negligence in failing to assist the plaintiff to alight, and free from negligence in the untimely starting of the car. We can not therefore say that the instruction was harmless.

There are verbal inaccuracies in instructions four and six which are not liable to be repeated upon a retrial of the cause, and will not, therefore, be noticed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.