## COLUMBIA CREOSOTING COMPANY ET AL. v. BEARD, ADMINISTRATOR.

[No. 6,682. Filed October 6, 1909.]

1. MASTER AND SERVANT.—*Assumption of Risk.—Negligence of Fellow Servants.*—Except where changed by statute, a servant assumes all of the ordinary risks of the service of which he has actual or constructive notice, and this includes the negligence of fellow servants. p. 313.

2. MASTER AND SERVANT.—*Selection of Incompetent Servants.—Negligence.—Intoxication.*—It is the master's duty to exercise ordinary care to employ servants who are capable, careful, and sober. p. 314.

3. PLEADING.— *Complaint.— Negativing Assumption of Risk.*— A complaint by a servant against his master must allege that the master was negligent, and that such servant was ignorant of the danger which caused his injury. p. 314.

4. PLEADING.— *Complaint.— Master and Servant.— Intoxication.— Negativing Notice of.*—A complaint by. an administrator alleging that the defendant company's superintendent furnished to such company's employes intoxicating liquors, that the servant in charge of the motor-car became intoxicated and that by reason thereof he ran such car against the decedent and killed him, that the plaintiff was ignorant of such intoxication, and that decedent was without fault, does not state a cause of action, decedent's want of knowledge of such intoxication not being alleged. Roby, J., concurring qualifiedly. p. 314.

5. NEGLIGENCE.—*Contributory.—Assumption of Risk.*—Assumption of risk depends upon contract, express or implied, while contributory negligence consists in conduct apart from contract. p. 316.

6. PLEADING.—*Complaint.—Negativing Contributory Negligence.— Notice of Defects.*—An allegation that the act causing decedent's death happened without any fault or negligence on his part, is not sufficient to show that he had no notice of the danger. p. 316.

7. TRIAL.—*Burden of Proof.—Contributory Negligence.—Assumption of Risk.*—The burden is upon the defendant to prove contributory negligence, and upon the plaintiff to prove nonassumption of risk. p. 316.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Clarence M. Beard, as administrator of the estate of John B. Gordon, deceased, against the Columbia

Creosoting Company and another. From a judgment on a verdict for plaintiff for $5,000, defendants appeal. *Reversed.*

*John B. Elam, James W. Fesler, Harvey J. Elam* and *William W. Cook,* for appellants.

*Eli F. Ritter,* for appellee.

RABB, J.—Appellant Columbia Creosoting Company is a corporation engaged in the business of treating railroad ties with creosote. Appellant Cravens was the superintendent, having in charge the directing of the work and workmen. The company had an extensive plant, which consisted of a yard, containing several acres of ground, traversed by numerous metal tracks, designed for trucks to run upon. In the yard there were also two large, steel structures in the form of tanks. These structures were provided with heavy iron doors, and were traversed by a track for the trucks to run in upon. The company also used a large number of trucks to carry the ties on, and each of the steel structures was large enough to hold fifteen of these trucks loaded with ties. For the purpose of propelling these trucks over the tracks, an electric motor, attached to a dummy-car, was used.

The method of proceeding with the work was to load the trucks with ties to be treated·with creosote, attach them in a train together, by means of a steel cable passing underneath the trucks, the end of which terminated in a hook designed to hook into an attachment on the dummy-car. When a number of the trucks were loaded, they were run into one of the tanks, the motor-car unhooked, a movable section of the track at the entrance to the tank removed, the doors tightly closed, and the ties subjected to the creosoting treatment for several hours. The doors were then opened, and the trucks were removed. The motor-car was also furnished with a windlass, to which was attached a steel rope with a loop in the end, and when the cable that attached the trucks together was not long enough to reach the motor-car the

hook on the cable was hooked into this loop, and thus attached to the motor-car.

The company employed a large number of men in carrying on its work, some to handle the ties, two to operate the motor-car and trucks—the motor-car being supplied with appliances by which its speed and direction could be controlled —and one employe was known as the motorman, whose place of work was on the motor-car, and whose duty it was to control its movements; another was known as the switchman, and he attended to switching the motor-car and trucks, attaching the same to and detaching it from, the train; two were known as door-men, and their duties required them to attend to the doors in the retorts, and to see that the trucks were properly placed in the retorts, and that the doors were properly closed and fastened.

The appellee's decedent was in the company's service in the capacity of door-man, and was killed while in the act of detaching a number of loaded trucks that had been pushed into the tank, by having his head caught between the dummy-car and the ties on the truck next to it.

This action is brought to recover damages for the decedent's death, claimed to have been caused by the negligence of defendants. The complaint is in one paragraph. The separate demurrer of each of the defendants to the same was overruled, and an answer filed by each defendant, a jury trial had, resulting in a verdict against both defendants. With the verdict, the jury returned answers to interrogatories addressed to them by the court. Each defendant moved for judgment on the answers to interrogatories, which motion was by the court overruled, and judgment in favor of appellee was rendered on the verdict.

Each appellant separately assigns as error, among other things, the action of the court below in overruling such appellant's demurrer to the complaint. The complaint, after stating the nature of the business in which appellant company was engaged, and the method and means employed in

the conduct of the business, and the fact that appellant Cravens was superintendent, having charge and direction of the work and the employes, and that appellee's decedent was engaged in appellant company's service, avers that it was the duty of said decedent to unhook the cable connecting the motor-car to the trucks loaded with ties, after the same had been propelled by the motor-car into the tank; that on the occasion in question, after the trucks loaded with ties had been pushed into the tank, decedent stepped in between the engine and cars, "in the usual, safe and necessary manner, to perform his duty of unhooking the cable, and after he had done so he signalled said motorman to back said engine away; * * * that said motorman, being inexperienced, incompetent and intoxicated, was careless and negligent, all of which said defendants knew, but none of which said plaintiff herein knew; that said motorman suddenly, carelessly and negligently pulled the device which ran the motor, causing the car to start and run suddenly against said decedent, crushing him between the motor-car and the trucks, all of which occurred without any negligence on the part of decedent."

It is also averred in the complaint that the regular motorman had been, by the defendant company's orders, replaced by one who was inexperienced and incompetent; that, prior to the accident, appellant Cravens, in his capacity of superintendent, had caused a sixteen-gallon keg of beer to be brought on the factory grounds, as a treat for the appellant company's employes; that said employes drank the beer and became intoxicated, and at the time the accident happened the motorman was intoxicated, all of which was caused by the negligence of the defendant in permitting the beer to be brought on the factory grounds and drank.

The point is made against the sufficiency of the complaint, that it fails to show that the decedent was not at the

1. time of the accident fully cognizant of all the facts upon which the charge of negligence is predicated.

and that the risks arising therefrom were not therefore assumed by him. It is a well-settled rule of law, governing the relations of employer and employe, that the employe assumes all risks incident to the service in which he is engaged, which includes risk of injury arising from the negligence of fellow servants—save where the rule has been modified by a statutory enactment—and all dangers of which the employe has actual or constructive knowledge. It is the master's duty to exercise ordinary care to employ competent servants, competency in this case meaning both capable and reasonably careful servants, and when the nature of the work is such that an intoxicated person could not perform it, without danger to himself and other employes engaged with him, it includes sober persons. It is also a well-settled rule of pleading that in an action by an employe against an employer, to recover damages for an injury sustained by the employe while engaged in the master's service, the complaint must affirmatively show the negligence of the master, and that the risk of the injury suffered was not assumed by the employe, and successfully to do this, it must appear by direct averment that the injured servant was ignorant of the danger. *Indiana, etc., R. Co.* v. *Dailey* (1887), 110 Ind. 75; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574; *Louisville, etc., R. Co.* v. *Sandford* (1889), 117 Ind. 265; *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 8 L. R. A. 636; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Bowles* v. *Indiana R. Co.* (1901), 27 Ind. App. 672; *Chicago, etc., R. Co.* v. *Richards* (1901), 28 Ind. App. 46; *Chicago, etc., Stone Co.* v. *Nelson* (1904), 32 Ind. App. 355.

Here the negligence charged against the appellants is that they placed the motor-car in charge of an inexperienced, incompetent and intoxicated man, and that this act of negligence resulted in the injury complained of. It is averred that this was done without the knowledge

of the plaintiff, and that the decedent was without fault or negligence contributing to his injury.

In the case of *Indianapolis, etc., Transit Co.* v. *Foreman, supra,* it is said, "It has been uniformly held, therefore, that in an action by an employe against his employer for injuries received while in his employment, a complaint, to be sufficient, must allege that he had no knowledge of such defects or imperfections, or the fellow servant's want of capacity or negligent habits."

In the case of *Indiana, etc., R. Co.* v. *Dailey, supra,* the complaint was by a brakeman for injuries received, while in the line of his duty, through the alleged negligent act of an engineer in charge of the locomotive drawing the train on which plaintiff served as a brakeman, and the negligence charged against the defendant was in putting said engineer in charge of the locomotive, knowing him to be wholly incompetent and reckless. In passing upon the sufficiency of the fourth and fifth paragraphs of the complaint to withstand demurrer, the court said: "In another point of view and for another reason, it must be held  *  *  *  that the court below erred in overruling appellant's demurrer to each of the fourth and fifth paragraphs of appellee's complaint. It was nowhere averred in either of such paragraphs, that appellee did not know, nor have the same means of knowing, of the alleged negligence or unskilfulness of the engineer mentioned in such paragraphs, as the appellant had." In this complaint there is no attempt to aver that the decedent did not have full knowledge of the inexperience, incompetency and intoxication of the man in charge of the motor at the time the accident occurred. The averment that the plaintiff had no such knowledge has, in this case, no efficacy whatever, the plaintiff not being the party injured. The point made by the appellants, and the authorities to which we have been referred in support of the same, is met by the appellee by referring us to the act of 1899 (Acts 1899, p. 58,

§362 Burns 1908) relieving the plaintiff, in actions for negligence, of the duty of averring and proving that he was not guilty of negligence contributing to the injury complained of.

Contributory negligence and assumption of risk are entirely distinct. Contributory negligence involves the doing, by the injured party, of some act, or an omission to do some act, which a reasonably prudent person would have done or omitted to do, the doing or omitting to do which proximately contributed to the injury complained of; while assumption of risk involves no act of negligence whatever on the part of the injured party, but arises out of the contractual relations of the parties, and involves an injury arising from some danger incident to his employment, or of which he had knowledge, actual or constructive, when he entered upon the performance of the things he was doing, when the injury occurred, the risk of which the injured party is presumed to have agreed to assume.

The complaint here assailed contains the allegation that the accident happened without any fault or negligence on decedent's part, but it has been expressly held that these averments are not sufficient to show that the danger out of which the injury arose was not known to the plaintiff. *Louisville, etc., R. Co.* v. *Sandford, supra; Louisville, etc., R. Co.* v. *Corps, supra; Indianapolis, etc., Transit Co.* v. *Foreman, supra.*

And in the case of *Bowles* v. *Indiana R. Co., supra,* the Appellate Court has expressly held that the statute which relieves the plaintiff, in actions to recover damages for negligence, from averring and proving want of contributory negligence, does not in any case relieve the plaintiff of the burden of showing by proper averment and proof that the risk was not assumed. This case has been followed by this court in the case of *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519.

The demurrer of each appellant to the complaint should

have been sustained. Judgment of the court below reversed, and instructions to the court to sustain the demurrer to each paragraph of the complaint.

## CONCURRING OPINION.

ROBY, P. J.—The law requiring the plaintiff to aver his want of knowledge of the incompetency of the servant, because of which he was injured, is well settled. The averment that the plaintiff administrator did not have such knowledge is not equivalent to an averment that the decedent did not have it. The substitution of the word "decedent" for "plaintiff" would have cured the defect. It follows that the ruling on the demurrer does not constitute a reversible error, if it otherwise appears that the defect was not prejudicial.

Section 350 Burns 1908, §345 R. S. 1881, is as follows: "The judgment upon overruling a demurrer shall be that the party shall plead over; and the answer or reply shall not be deemed to overrule the objection taken by demurrer. But no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined. If a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default."

If the question of decedent's knowledge had been submitted to the jury by instruction, or if interrogatories were answered covering the fact, or if the evidence showed that the point was in fact litigated, there could be no reversal on this ground, but the fact seems to have received no attention at any stage of the case. I therefore concur in reversal.