THE NATIONAL MOTOR VEHICLE COMPANY *v.* PAKE.

[No. 8,597.   Filed October 5, 1915.   Rehearing denied December 28, 1915.]

1. APPEAL.—*Assignment of Errors.*—*Sufficiency of Complaint.*—An assignment of error that the complaint does not state facts sufficient to constitute a cause of action, presents no question on appeal in a cause commenced after the act of 1911 (Acts 1911 p. 415, §344 Burns 1914), relating to civil procedure went into effect.   p. 368.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Verdict.*—*Answers to Interrogatories.*—Where the complaint in a servant's action for personal injuries proceeded on the theory that the servant continued in the employ of the master after he had knowledge that the spindle on a machine used by him was defective, on the promise of the master to put in a new spindle, a general verdict for plaintiff, while including a finding that there was a promise to put in a new spindle and a failure so to do, was not overcome by answers to interrogatories returned by the jury disclosing that the promise was to repair the spindle, since the conflict was not irreconcilable.   p. 369.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Complaint.*—*Theory.*—*Instructions.*—Where the complaint in a servant's action for personal injuries did not aver that the servant had no knowledge of the defect complained of, but disclosed that he did have knowledge and relied on the master's promise to repair, it must be deemed as proceeding on the theory of a promise to repair and a failure to do so, so that an instruction to the jury stating the masterial duty of providing safe tools and appliances, and to continuously exercise reasonable care to ascertain the condition of machinery and appliances furnished, etc., was outside the issues and fatally erroneous.   pp. 370, 372, 373.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Knowledge of Defect.*—*Assumption of Risk.*—At common law an employe continuing in the service of the master after notice of a defect augmenting the danger of the service, assumes the risk as increased by the defect, unless the master expressly or impliedly promises to remedy the defect.   p. 372.

5. APPEAL.—*Instructions.*—*Presumptions.*—*Burden.*—The giving of instructions not applicable to the case made by the pleadings will be presumed to have been harmful error, and after such error is pointed out the burden is upon appellee to show by the record that the error was harmless.   p. 372.

From Superior Court of Marion County (84,-350); *Joseph Collier*, Judge.

Action by Andrew G. Pake against the National

Motor Vehicle Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Joseph E. Bell* and *George Shirts*, for appellant.

*Muter M. Bachelder* and *Harold K. Batchelder*, for appellee.

MORAN, J.—Appellee recovered a judgment in the sum of $1,500 against appellant on account of an injury to his left eye, which occurred while he was operating an emery wheel in appellant's factory.

The errors relied upon for reversal are: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) error in overruling appellant's motion for judgment on answers to interrogatories notwithstanding the general verdict; (3) error in overruling appellant's motion for a new trial.

The substance of the complaint, the theory and sufficiency of which becomes material in an examination of each of the errors presented, is as follows: On November 27, 1910, appellant was a corporation operating a large factory, in which it manufactured motors, tools and implements, and in this connection it operated an emery wheel for the purpose of grinding upon iron; the wheel revolved upon a spindle, which passed through a square hole in the center thereof and was propelled by electric power. Appellee's duties were to grind wrenches made of iron upon the emery wheel, and he had no other duties. It was appellant's duty to keep the emery wheel in condition for use for appellee, which it failed to do, in that the spindle became worn, where it passed through the wheel, giving the wheel a zigzag motion, rendering it dangerous to operate; that when it became worn appellee notified appellant of the danger and requested appellant to replace the old spindle by a

new one; at the time of such notice and request appellant informed appellee that it was not then prepared to replace the old spindle by a new one, but it would do so as soon as the spindle could be obtained and to continue using the same; pursuant to appellant's orders to continue using the wheel appellee continued to do so and in a careful and prudent manner, and while operating the same it swerved from its true position, and jerked a monkey wrench, which appellee was grinding from appellee's hands pulling it underneath the wheel and then upward and against his left eye; appellee was wearing glass goggles, it being necessary to do so in the operation of the wheel, and the wrench before striking appellee's eye came in contact with the goggles breaking the same, and forced a part of the broken glass into appellee's left eye causing a painful injury from which the sight in the left eye was destroyed producing a permanent injury to his damage in the sum of $15,000.

The first assignment of error, viz., that the complaint does not state facts sufficient to constitute a cause of action is an initial attack upon the

1.    sufficiency of the complaint for want of facts.

This cause having been commenced since an act, concerning proceedings in civil causes went into force (Acts 1911 p. 415, §344 Burns 1914), requiring a memorandum to be filed with a demurrer pointing out wherein the complaint is insufficient, for want of facts, the above assignment of error raises no question for review. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

Appellant insists that the answers to interrogatories show that the verdict proceeds upon a different theory than that set forth in the complaint; and it was error to refuse to render judgment

on the same. The answers to the interrogatories disclose that the spindle upon which the emery wheel was connected revolved from 1,600 to 1,800 times per minute, and the speed of the wheel pulled the wrench from appellee's hands in a downward direction, which was an ordinary occurrence; that the revolving motion jerked the same from appellee's hands and carried it under and over the wheel so as to strike him in the face; it was not the force caused by the revolving motion that caused the injury; appellee had but two conversations with the foreman in reference to the machine, one some time before the injury and one a few minutes before; in the first conversation appellee informed the foreman that the spindle was too loose, that it rattled and caused too much lost motion; in the second conversation appellee told the foreman that the machine was not in shape to work on, and each time the foreman told appellee to proceed with the work; that it would not hurt him; appellee never requested appellant to put in a new spindle, but he did request that it be repaired; appellant promised to repair the same; that the machine had a more lateral or side motion than was necessary. The allegations of the complaint disclose that the relation of master and servant existed between appellant and appellee; at the time of the injury, and that the servant was familiar with the machine with which he was performing his labor; it is likewise alleged that there was a promise on the part of the master to put in a new spindle. The complaint proceeds upon the theory that the servant continued in the employ of the master after he had knowledge of the defect in the machine, on the promise of the master to put in a new spindle. The general verdict finds that all the material allegations

of the complaint have been established, among which were a promise on the part of appellant to put in a new spindle and a failure so to do, while the answers to interrogatories disclose that the promise was to repair the spindle. There is a slight conflict in other particulars, but as a whole, the conflict is not such as to be irreconcilable; hence the court did not err in overruling appellant's motion for judgment in its favor. *Marion Light, etc., Co.* v. *Vermillion* (1912), 51 Ind. App. 677, 99 N. E. 55, 100 N. E. 100; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583, 66 N. E. 454; *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 26 N. E. 64; *Town of Poseyville* v. *Lewis* (1890), 126 Ind. 80, 25 N. E. 593; *Rogers* v. *Leyden* (1891), 127 Ind. 50, 26 N. E. 210; *Graham* v. *Payne* (1890), 122 Ind. 403, 24 N. E. 216; *Indianapolis, etc., R. Co.* v. *Lewis* (1889), 119 Ind. 218, 21 N. E. 660; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200; *Adams* v. *Antles* (1915), 57 Ind. App. 594, 105 N. E. 931.

This leaves for consideration the errors presented under the motion for a new trial. Complaint is made of the trial court in giving to the jury upon its own motion instructions Nos. 11 and 15, and refusing to give instructions Nos. 3 and 4, as tendered by appellant. Instruction No. 11 is as follows: "It was the duty of appellant to provide plaintiff with reasonably safe machinery and appliances, on which plaintiff was required to perform his work in discharge of the duties under the employment. And that duty on the part of the defendant did not end with simply providing reasonably safe machinery and appliances in the first instance, but the further duty of continuously exercising reasonable care to ascertain the

condition of such machinery and appliances was imposed upon the defendant; and in that particular, the defendant was chargeable with notice of the natural tendency of machinery and appliances to deteriorate, or wear, by reason of use or exposure, and in that respect the defendant was chargeable with notice of any defect therein, which could have been ascertained by the exercise of reasonable care." The objection urged to this instruction is that it is entirely outside the issues in the cause. It has been uniformly held that where a complaint proceeds upon the theory of a defective place to perform the service by the servant or defective tools or appliances, that the complaint to be sufficient must disclose by proper averment that the servant had no knowledge of the defect or danger complained of. *Stone* v. *Bedford Quarries Co.* (1901), 156 Ind. 432, 60 N. E. 35; *Cleveland, etc., R. Co. v. Parker* (1900), 154 Ind. 153, 56 N. E. 86; *Consolidated Stone Co. v. Summit, supra; Peerless Stone Co. v. Wray* (1896), 143 Ind. 574, 42 N. E. 927; *Louisville, etc., R. Co. v. Sanford* (1889), 117 Ind. 265, 19 N. E. 770; *Baltimore, etc., R. Co. v. Roberts* (1903), 161 Ind. 1, 67 N. E. 530; *Cleveland, etc., R. Co. v. Morrey* (1909), 172 Ind. 513, 88 N. E. 932; *Indianapolis Traction, etc., Co. v. Mathews* (1912), 177 Ind. 88, 97 N. E. 320; *Columbia Creosoting Co. v. Beard* (1909), 44 Ind. App. 310, 89 N. E. 321. So it is clear that the allegations of the complaint confine it to the theory of a promise on the part of the master to repair the defect of the machinery on the request of the servant and its failing to do so. It can not proceed upon the theory of defective appliances nor an unsafe place in which to perform the service on the part of the servant, for he has alleged knowledge on his part as to the defects in the spindle. The common-law rule is that an employe who continues in

the service of his master after notice of defect augmenting the danger of the service, assumes the risk as increased by the defect, unless the master expressly or impliedly promises to remedy the defect. *Indianapolis, etc., R. Co.* v. *Watson* (1888), 114 Ind. 20, 14 N. E. 721, 15 N. E. 824, 5 Am. St. 578; *Rodgers* v. *Leyden* (1891), 127 Ind. 50, 26 N. E. 210; *Hollingsworth* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 259, 65 N. E. 750; *Standard Oil Co.* v. *Helmick* (1897), 148 Ind. 457, 47 N. E. 14; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 40 N. E. 62; *Crum* v. *North Vernon Pump, etc., Co.* (1904), 34 Ind. App. 253, 72 N. E. 193; *East Chicago Iron, etc., Co.* v. *Williams* (1897), 17 Ind. App. 573, 47 N. E. 26; *Romona Oolitic Stone Co.* v. *Phillips* (1894), 11 Ind. App. 118, 39 N. E. 96; *Indianapolis Union R. Co.* v. *Ott* (1894), 11 Ind. App. 564, 38 N. E. 842, 39 N. E. 529.

Instruction No. 11 informed the jury, as aforesaid, that it was the duty of the master to provide reasonably safe machinery and appliances for the use of his servants, and after thus providing machinery of this character, it was the master's duty to exercise continuously reasonable care to ascertain the condition of such machinery, and that the master was chargeable with notice of the deterioration of the same. The theory of the complaint, as aforesaid, was a promise on the part of the master to repair the defect in the machinery on the request of the servant and failure to do so. It is clear that this instruction is outside the issues joined in this cause.

Although an instruction may embody a correct principle of law, yet if it is not applicable to the case made by the pleadings, it is erroneous, and being erroneous it is presumed to be harmful. *Indiana R. Co.* v. *Maurer* (1903), 160

Ind. 25, 25 N. E. 156; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 36 N. E. 850; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361; *Plummer* v. *Indianapolis Union R. Co.* (1914), 56 Ind. App. 615, 104 N. E. 601; *Red Men's, etc., Assn.* v. *Rippey* (1914), 181 Ind. 454, 103 N. E. 345, 104 N. E. 641, 50 L. R. A. (N. S.) 1006; *Romona Oolitic Stone Co.* v. *Phillips* (1894), 11 Ind. App. 118, 39 N. E. 96; *Chicago, etc., R. Co.* v. *Thrasher* (1905), 35 Ind. App. 58, 73 N. E. 829; *Nickey* v. *Dougan* (1905), 34 Ind. App. 601, 73 N. E. 288; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80, 67 N. E. 935; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Southern Ind. R. Co.* v. *Moore* (1902), 29 Ind. App. 52, 63 N. E. 863; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788. The burden is upon appellee in this case, after appellant has pointed out an error presumed to be prejudicial, to show the contrary by the record. *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768; *Neely* v. *Louisville, etc., Traction Co., supra; Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238.

In *Southern Ind. R. Co.* v. *Moore, supra,* the court informed the jury that it was the duty of the master to exercise care and diligence in the examina-

3. tion and inspection of the place of the performance of service by the servant, as to enable him to know that it was safe, so far as human foresight could know. This was held to be erroneous, that it could only be cured by withdrawal; as it was only the duty of the master to furnish a reasonable safe place for his employe to perform the work. It was further held in this case that if instructions were in-

consistent and calculated to mislead the jury or leave it in doubt as to the law, it is cause for reversal.

In view of the fact that the issue the jury was called upon to try was based upon an alleged promise to repair the defect in the machine, the instruction brought into the case an element beyond the issues, and from a careful examination of the entire record we are not satisfied that appellant was not harmed by the giving of this instruction. The other errors presented are not likely to occur on a retrial of the cause and we will refrain from considering them. Judgment reversed with instructions to the lower court to grant a new trial.

NOTE.—Reported in 109 N. E. 787. See, also, under (1) 3 C. J. 1356; (2) 38 Cyc 1929; (3) 26 Cyc 1494; (4) 26 Cyc 1196; (5) 3 Cyc 386.