HATTON v. HODELL FURNITURE COMPANY.

[No. 10,115. Filed January 28, 1920.]

1. APPEAL.—*Bill of Exceptions.—Date of Corrections.—Judge's Certificate.*—Where the record does not show that corrections required by the judge were made in a bill of exceptions after the time for filing the bill had expired, but where the certificate of the judge shows that "this his bill of exceptions" was presented within the time allowed by the court, such bill must, on appeal, be held to be properly in the record. p. 358.

2. APPEAL.—*Instructions.—Erroneous When Outside Issues.—Reversible Unless Manifestly Harmless.*—If instructions given are outside of the issues joined, their giving is reversible error unless it clearly appears that the complaining party is not harmed. pp. 361, 362.

3. TRIAL.—*Instructions.—Action Under Employers' Liability Act.—Instructions on Theory of Action at Common Law.—Master and Servant.*—Where the complaint was based upon a liability under the Employers' Liability Act and proceeded upon that theory alone, and stated no cause of action at common law, the giving of instructions applicable to a cause of action at common law was error. (*Nordyke & Marmon Co.* v. *Hilborg*, 62 Ind. App. 196 and *Cleveland, etc., R. Co.* v. *Scott*, 29 Ind. App. 519, distinguished.) pp. 361, 362.

4. APPEAL.—*Erroneous Instructions.—Burden to Show Harmless.*—Where appellant has shown that erroneous instructions were given, the error will be presumed to be prejudicial, and the burden is upon appellee to show by the record that appellant was not harmed thereby. p. 362.

5. APPEAL.—*Instructions Outside Issues.—Evidence Not in Record.—Presumption Not Available.*—The rule that, in the absence of the evidence, it will be presumed on appeal that there was evidence which rendered the instructions applicable, is not available when the instructions complained of are outside the issues. p. 362.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by William F. Hatton against the Hodell Furniture Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Isaac Carter, Walter Reese* and *Isley & Israel*, for appellant.

*Edmund K. Adams* and *Herbert C. Jones*, for appellee.

REMY, P. J.—Appeal from a judgment for appellee in an action instituted by appellant to recover damages for personal injuries alleged to have been sustained while in the employ of appellee. The sole error assigned and relied upon for reversal is the action of the court in overruling the motion for a new trial; and the questions presented by appellant for our consideration relate to the alleged error of the trial court in the giving of certain instructions.

It is urged by appellee that appellant's bill of exception is not in the record, and for that reason no questions are properly before this court for review.

It is provided by §660 Burns 1914, §629 R. S. 1881, that when the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within the time allowed by the court, present to the trial judge a proper bill of exceptions, which, if correct, the judge shall promptly sign and cause to be filed; but that "the delay of the judge in signing and filing the same shall not deprive the party objecting to the benefit thereof." It appears from the record that the time fixed by the trial court for filing expired May 6, 1917, and that the bill was not actually signed by the judge and made a part of the record until August 23, 1917. It also appears that corrections to the bill as first prepared were required by the trial court; and it is con-

tended by appellee that these corrections were made after the time for filing the bill had expired, and that therefore the bill as finally prepared was not presented within the time fixed by the court. The record, however, does not show that the corrections were in fact made after the time for filing the bill had expired. On the contrary, the trial judge in his certificate to the bill of exceptions states that on April 12, 1917, and within the time allowed by the court, appellant "presents this his bill of exceptions." We must therefore hold that the bill of exceptions is properly in the record.

The complaint is in two paragraphs, each of which charges in substance that, at the time of the injury complained of, appellee was, and now is, a corporation engaged in the manufacture of furniture in the city of Shelbyville, and having in its employ in the operation of its factory more than five men; that appellant was employed in said factory as a common laborer, and while so engaged was ordered and directed to assist in moving a certain truckload of lumber into a dry kiln in appellee's factory; that while he was in the act of assisting with such work a heavy piece of lumber fell from the load and struck him on the head, to his resulting serious injury. In addition to the allegations found in both paragraphs of complaint, the first paragraph alleges facts showing that the injuries complained of were caused by the negligence of appellee in furnishing appellant an unsafe place in which to work; while in the second paragraph facts are specifically averred showing that appellant received the injuries while he was working in obedience to orders of appellee's superintendent, to whose orders he was at the time bound to conform, and that his injuries were caused by the negligence

of the superintendent in ordering appellant to assist in the work. Each paragraph is based upon the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), and neither paragraph states a cause of action under the common law.

The evidence is not in the record, but a recital incorporated in a bill of exceptions containing the instructions shows that the undisputed evidence was that at the time appellant received the injuries complained of, and for some years before, appellee "was a corporation organized under the laws of the State of Indiana, and engaged in the business of manufacturing furniture out of wood and other material; and during all of said time had employed more than five persons in such business." The record also shows that "on and during the trial" appellant asserted and claimed that his complaint proceeded upon the theory that appellee was liable under the Employers' Liability Act, *supra*, but that it was appellee's contention that the complaint charged a liability both under said enactment and under the common law; and that the court "endeavored so to instruct the jury as to advise them as to the right of recovery under the said Employers' Liability Act, and also as to the right of recovery under the common law, and accordingly gave the instructions" in the case, which are numbered from 1 to 25, inclusive, none of which was requested by appellant, and all of which are in the record. Some of the instructions state the law applicable to an action under the act of 1911, *supra*, while others are applicable to a proceeding based on a common-law liability. It is contended by appellant that, inasmuch as each paragraph of the complaint is based on the statutory enactment, as claimed by him throughout the trial, and neither paragraph states a

common-law action, and inasmuch as the undisputed evidence showed that appellee was, at the time appellant received the injuries complained of, a corporation having in its employ more than five persons, it was reversible error for the court to give to the jury the instructions applicable to a common-law right of action.

It is a well-established rule that instructions must be confined to the issues, and, if instructions are given which are outside the issues joined, the giving 2-3. of such instructions will be reversible error, unless it clearly appears that the complaining party is not harmed. *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N. E. 674; *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 103 N. E. 7; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. A reason given for this rule is that such instructions tend to lead the jury away from the issues made by the pleadings, and into giving effect to matters not in the case. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941. The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it states the law relevant to the issuable facts given in evidence on the trial. *Indiana R. Co.* v. *Maurer, supra.* In the light of these rules and principles, the action of the court in the giving of those instructions which stated the law applicable to a cause of action based upon the common law was error.

It is, however, pointed out by appellee that the evidence is not in the record, and that in the absence

of the evidence this court will presume that there was evidence which rendered applicable all instructions given. It is further suggested that all presumptions must be indulged in favor of the judgment of the trial court. It goes without saying that if the record showed that the correct result had been reached, the cause would not be reversed for the intervening error of improper instructions to the jury. It is well settled, however, that if, as in this case, the appellant has shown that erroneous instructions were given, the error will be presumed to be prejudicial, and that the burden is on appellee to show by the record that appellant was not harmed thereby. *National Motor, etc., Co.* v. *Pake* (1915), 60 Ind. App. 366, 109 N. E. 787, and cases cited. The rule that, in the absence of the evidence, it will be presumed on appeal that there was evidence which rendered the instructions applicable is not available to appellee, since the instructions complained of are outside the issues.

Appellee also contends that the giving of the instructions applicable to a right of action under the common law was proper, citing *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684, and *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519, 64 N. E. 896. Neither of these cases is in point, since in each case the paragraph of complaint under consideration was dual in its nature, while in the case at bar each paragraph is based upon a liability under the statute, and each proceeds upon a single definite theory. It must also be kept in mind that throughout the trial of the instant case appellant claimed that each paragraph of his complaint stated a cause of action under the statute, and that the record affirmatively shows

that the undisputed evidence established the fact that, at the time appellant received the injuries complained of, appellee was a corporation having in its employ more than five persons. We have carefully examined all the instructions given by the court in this case, and, aside from the presumption that the giving of those applicable to a common-law action was harmful because outside the issues, we find that such instructions were so framed and presented that they were calculated to mislead the jury.

Appellant presents other objections to certain of the instructions given by the court, some of which objections are well taken; but, since on another trial the instructions must be rewritten to conform to this decision, it is not likely that any instruction to which objection is made will be given in its present form, and we deem it unnecessary to prolong this opinion.

Judgment reversed, with instructions to grant a new trial.