## THE SOUTHERN INDIANA RAILWAY COMPANY
### v. MOORE.

[No. 3,639.   Filed May 1, 1902.]

MASTER AND SERVANT.—*Assumption of Risk.*—*Safe Place to Work.*— The master is only required to furnish a reasonably safe place for his employe to work. He is not required to know that the working place "is safe so far as human foresight can know." *p. 54.*

APPEAL.—*Erroneous Instruction.*—*Reversal.*—Where an instruction is radically wrong, it must appear from the record beyond doubt that it did not prejudice the complaining party, or the judgment will be reversed. *p. 55.*

From Lawrence Circuit Court; *W. H. Martin*, Judge.

Action by Mary Moore against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks*, for appellant.

*J. R. East, R. H. East* and *McHenry Owen*, for appellee.

COMSTOCK, C. J.—Appellee brought this action against appellant, alleging the death of her son by the negligence of appellant. The complaint was in two paragraphs. They

are substantially the same, and, in brief, alleged that her son Adolphus Moore was on April 5, 1900, an infant of nineteen years, in the employment of appellant in its stone quarry, which was operated by appellant for the purpose of getting rock for ballasting appellant's roadbed. Appellant, in getting out the stone, used dynamite to loosen the stone from the earth, which work was done under charge and control of Conner, superintendent, and Donovan, the boss, they having full charge of the work; that this dynamiting was done when the men were not at work; that the blasting was dangerous work, but that during the working hours small charges were used to clear out the holes, called "springing the holes," so that larger charges could be exploded in the holes; that the ledge where Moore worked was a steep bluff thirty or forty feet high, and he was required to perform his services at the bottom of the ledge; that said defendant had prepared several holes in the bluff for springing, and had warned Moore and others to move to a place of safety when the holes were sprung. Then said superintendent and boss directed Moore to return to work, which he did, and a short time thereafter several large stones that had been jarred from their position rolled down the bluff onto Moore, so injuring him that shortly after he died; that Moore could not see the condition of said stones, and that they had been jarred from their position, and did not and could not know their unsafe condition. That the superintendent and boss were in a position to know the condition of the stones; that appellee was a widow, and dependent upon the deceased for support. The jury trying the cause returned a verdict for appellee for $1,750, and answers to interrogatories. Appellee remitted $1,475 of the verdict, and judgment was rendered for $275.

Appellant relies for a reversal of the judgment upon the fourth and fifth specifications of error; the fourth being the overruling of appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict; the fifth, the overruling of appellant's motion for a new trial.

The court of its own motion gave to the jury instruction number four. It is insisted, by counsel for appellant, that in this instruction the jury were told that the servant did not assume any risks as to the premises, "the unsafety of which he could have known by the exercise of ordinary diligence;" that it limits the obligation of the servant to guard only against danger of which he has absolute knowledge. It is the law that an employe must use his senses with the diligence of an ordinarily prudent person under like circumstances. The instruction relates to the duty of the servant, and, while not as clear as might be desired, we incline to the opinion that its lack is supplied by other instructions which were given.

In instruction number five, given by the court of its own motion, the court said: "In the operation and management of a dangerous business, it is the duty of the master, not only to provide a safe and suitable place at which his servant shall work, and safe and suitable tools and machinery with which to work, but it is also the duty of the master to exercise care and diligence in the examination and inspection of such work, its places, tools, and machinery, as to enable him to know that it is safe, so far as human foresight can know." The instruction is lengthy, and we do not give it in its entirety. This was error. It is only the duty of the master to furnish a reasonably safe place for his employe; to use the care of a reasonably prudent person; he is not required to know that the working place "is safe, so far as human foresight can know." The giving of each of these instructions is made a reason for a new trial. The instruction is fatally defective. It could only be cured by being withdrawn. A correct instruction, while this instruction remained, would make contradiction, and would confuse the jury. If instructions are inconsistent, and calculated to mislead the jury, or leave them in doubt as to the law, it is cause for reversal. *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101. See, also, *State, ex rel.,* v. *Sutton,* 99 Ind. 300; *Lower* v. *Franks,* 115 Ind. 334; *Wenning* v. *Teeple,* 144 Ind. 189.

We do not lose sight of the rule, that a judgment will not be reversed because of an erroneous instruction when it affirmatively appears that the verdict was right upon the evidence; but the rule is also recognized that, where there is a radically erroneous instruction, it must appear from the record, beyond doubt, that it did not prejudice the complaining party, or the judgment will be reversed. From the whole record such fact does not appear. Elliotts' App. Proc., 643, and cases cited.

We do not pass upon the action of the court in refusing to render judgment in favor of the appellant on the answers to the interrogatories. The ends of justice may be served with a new trial. Other questions discussed may not arise upon a second trial.

Judgment reversed, with instructions to sustain motion for a new trial.