## UNION TRACTION COMPANY OF INDIANA v. SMITH.

[No. 10,849.   Filed April 29, 1921.   Rehearing denied October 25 1921.]

APPEAL.—*Review.*—*General Verdict.*—*Evidence Sufficient to Support One Paragraph of Complaint.*—Where the evidence was sufficient to support a verdict for plaintiff under one paragraph of the complaint, though not under the other, a general verdict in his favor will not be disturbed for insufficiency of evidence, defendant having failed to request the jury to indicate in its verdict whether it found for plaintiff on one or both paragraphs.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by John F. Smith against the Union Traction Company of Indiana.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*J. A. Van Osdol, Kittinger & Diven* and *Condo & Browne,* for appellant.

*Robert McLain* and *Van Atta & Clawson,* for appellee.

McMAHAN, J.—Action by appellee against appellant for damages alleged to have been sustained by appellee in a collision between his automobile and one of appellant's interurban cars at a street intersection in the city of Marion. The complaint was in two paragraphs. By the first paragraph, appellee seeks to recover on account of injuries to his person, while the second is for damages to his automobile, and alleges that appellee was without fault.

The cause was tried by a jury and resulted in a general verdict for appellee.

The appellant assigns as error the action of the court in overruling its motion for a new trial, and contends that the verdict is not sustained by sufficient evidence and is contrary to law.

Appellant's contention is that the evidence shows appellee was guilty of contributory negligence and since under the second paragraph of the complaint the burden was on appellee to prove that he was free from fault, the judgment must be reversed. No question was raised as to the sufficiency of either paragraph of complaint. Appellant tacitly concedes that they are good and that the evidence was sufficient to sustain a verdict on the first paragraph. This being true the court correctly overruled the motion for a new trial even though the evidence was not sufficient to sustain a verdict on the second. *Ross* v. *Thompson* (1881), 78 Ind. 90; *Halderman* v. *Birdsall* (1860), 14 Ind. 304; *Toledo, etc., R. Co.* v. *Mylott* (1893), 6 Ind. App. 438, 33 N. E. 135.

Appellant on request might have had forms of verdict submitted to the jury and thus have required the jury to indicate in its verdict whether it found against it on both paragraphs of complaint, and, if it did, to indicate the amount which it found appellee should recover on each paragraph. It made no such request. It was apparently satisfied to take its chances with the forms

of verdict submitted by the court. And having submitted no form requiring the jury to indicate its finding as to each separate paragraph of complaint, it cannot now be heard to complain. As said in *Estate of Heller* (1914), 169 Cal. 77, 145 Pac. 1008, "Where several issues are tried and submitted to the jury, the general verdict must stand, if the evidence upon one issue alone is sufficient to sustain the verdict." The same rule was applied in *Water Commissioners* v. *Robbins* (1909), 82 Conn. 623, and in the *Latham case* (1917), 116 Me. 524, 102 Atl. 295. "Where a verdict is general, it will not be set aside as contrary to the evidence, if the evidence fairly sustains any sufficient count or plea of the prevailing party." 29 Cyc 835.

"If there be two issues," says the court in *Lonsdale* v. *Brown* (1821), 4 Wash. C. C. 148, "or issues on two counts, and the verdict be not contrary to evidence as to one of them, the court will not grant a new trial, though it be contrary to evidence as to the other, for since the verdict is right in part, the court will not set it aside."

The rule applicable to cases where the complaint is in two or more paragraphs and where the court overruled a demurrer to a bad paragraph of complaint and there is a general verdict, is not applicable to a case where all of the paragraphs of the complaint are sufficient to withstand a demurrer.

Judgment affirmed.