BENNINGHOF-NOLAN COMPANY ET AL. *v.* ADCOCK.

[No. 23,838. Filed December 19, 1923.]

1. NEGLIGENCE.— *Instruction.— Violation of City Ordinance.— Traffic Regulation.*—In an action for personal injuries resulting from a collision of two motor vehicles on a city street, an instruction that if, at the time of the collision, the defendant was driving an automobile on a street of said city, and "failed to keep as near the right-hand curb as possible", as required by a city ordinance, such operation of said vehicle would be *prima facie* or presumptive proof that the defendant was negligent, and the jury should find for the plaintiff if such negligence was the proximate cause of the injuries complained of, was erroneous, as such ordinance, in that respect, was invalid because unreasonable. p. 36.

2. MUNICIPAL CORPORATIONS.—*Regulation of Traffic.—Statute.*— The entire width of a highway is devoted to public travel, and the authority of a city over its streets is conferred in general terms "to regulate the use of streets and alleys by vehicles" (§8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53, cl. 31), and this authority is preserved by the motor vehicle act, so far as not inconsistent with that act (§10476d Burns 1914, Acts 1913 p. 777, §17). p. 37.

3. MUNICIPAL CORPORATIONS.— *Regulation of Traffic.— Validity of Ordinance.*—A city ordinance making it unlawful to drive on any part of a street except "as near to the curb as possible" on the right-hand side of the street is not a reasonable traffic regulation within the authority of the city. p. 37.

4. APPEAL.—*Review.—Instruction.—Invited Error.*—In an action for personal injuries resulting from a collision of two motor vehicles on a city street, an erroneous instruction that if, at the time of the collision, the defendant was violating an ordinance requiring the driver of a vehicle to "keep as near the right-hand curb as possible", such violation would constitute presumptive proof of negligence, was not invited by the defendant requesting the court to give an instruction to the effect that, in order to recover, the plaintiff must prove by a

fair preponderance of the evidence that the driver of the automobile "violated the ordinance referred to and did not keep to his right side of the street." p. 38.

5. APPEAL.—*Review.*—*Erroneous Instruction.*—*Reversible Error.* —Where the court on appeal cannot be certain that an erroneous instruction did not influence the verdict, the judgment must be reversed. p. 38.

From Posey Circuit Court; *Herdis Clements,* Judge.

Action by Clifford D. Adcock against the Benninghof-Nolan Company and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*John R. Brill, Frank H. Hatfield, John W. Brady* and *William Espenscheid,* for appellants.

*Albert W. Funkhouser, Arthur F. Funkhouser, Simon L. Vandeveer, Robert D. Markel* and *Sanford Trippett,* for appellee.

EWBANK, C. J.—Appellee recovered a judgment for $9,000 damages on account of personal injuries sustained in a collision between a motorcycle on which he was riding and an automobile driven by appellant Griffith while in the employ of the appellant company. Overruling the separate motions of appellants for a new trial is assigned as error, under which appellants challenge the sufficiency of the evidence, insist that the damages were excessive and complain of instruction No. 5, given at plaintiff's request.

The plaintiff (appellee) introduced evidence to the effect that he was riding his motorcycle at the rate of eight or ten miles an hour, on the right-hand side, next to the river, along a road paved with brick that follows near the bank of the Ohio river, in Evansville, from a suburb called Howell toward the center of the city, around a curve where a building on the left side partly obstructed his view of the road ahead, when an automobile driven by appellant Griffith, in the employ of the Benninghof-Nolan Company, running at high speed,

struck his motorcycle on the river side of the road, skidded with it and plaintiff diagonally across the brick pavement, and struck a telephone pole outside of the pavement, on the other (defendant's right-hand) side of the street, and stopped with the motorcycle pinned against the pole, where plaintiff fell to the ground. Several witnesses called by plaintiff testified that at least one hind wheel of the automobile was still on the pavement when it stopped, and that the telephone pole was not more than ten feet from the edge of the brick roadway. Plaintiff testified, in general terms, that he rode on "the right-hand side" of the street, next to the river, and that as he went up to the place where the collision occurred he "remained on the right-hand side", and that when the collision occurred he was "on the right-hand side coming up." A witness testified that, before plaintiff passed around the curve, he was riding about three feet from the curb at the edge of the brick roadway. And other witnesses testified that the front fender and lamp on the left side of the automobile were broken by the collision. While the driver of the automobile (appellant Griffith) testified that, when he met plaintiff, he (Griffith) was driving on his right-hand side of the brick roadway (the side away from the river), that the motorcycle turned toward that side in passing a wagon which was going in the direction that plaintiff was going, and, to give it more room, he (Griffith) turned the automobile clear over to his right, until it ran off upon a cinder track outside of the brick roadway; but that plaintiff rode right across in front of the automobile, and the collision occurred when both the motorcycle and the automobile were off the brick roadway upon the cinder driveway on that side and stopped within a few feet; and several witnesses called by defendants testified that the telephone pole in question was twenty-three feet from the edge of the brick

roadway, that the automobile did not strike the pole but stopped at least ten feet from it, and that the only damage done to the automobile by the collision was to the front of the radiator, and to the fender and light on the right side. Several witnesses, including one called by plaintiff, testified that of the two forks which held the front wheel of the motorcycle it was the one on the right side that was bent, and the undisputed evidence was that the bone in plaintiff's right leg was broken, that at the place of the collision there was a cinder driveway leading to a coal mine that extended some distance beyond the brick roadway on the side away from the river, that after the collision, the front part of the automobile (at least) was on this cinder driveway, and that the brick roadway was twenty-four feet wide, with a stone curb along either side six inches wide, the top of which was the same height as the brick pavement. Plaintiff had pleaded and introduced in evidence an ordinance of the city of Evansville, which provided, among other things, that any vehicle driven upon a street, "except when passing another vehicle ahead, shall keep as near the right-hand curb as possible."

The plaintiff asked and the court gave an instruction (No. 5) that if the jury found said ordinance to have been in force, and also found that, at the time 1. and place of the injury, defendants were operating a vehicle on a street of said city, and "failed to keep as near the right hand curb as possible" when not passing another vehicle ahead, "then such operation of said vehicle by the defendants is *prima facie* or presumptive evidence that the defendants were negligent; if you further find that such negligence proximately caused the accident and injuries complained of, then your verdict should be for the plaintiff, unless you further find from a fair preponderance of the evidence

that the plaintiff was guilty of negligence which proximately contributed to said accident and injuries." The correctness of this instruction is duly presented to the court for review. This instruction did not merely state that a failure to keep to the right side of the street in passing would constitute negligence, nor make the question of negligence in the operation of the automobile depend upon what was practicable, in view of the skill or lack of skill of the driver, the width of the pavement and condition of its surface, the fact that the "curb" did not extend above the level of the pavement, the condition of the roadway outside of the curb, the presence or absence of other vehicles on the street going in either direction, or any of the circumstances that attended the collision by which plaintiff was injured. Neither did it submit to the jury the ultimate question whether or not a failure to drive as "near as possible" to the curb really constituted negligence. But, after declaring that it constituted "presumptive evidence that the defendants were negligent", the instruction continued on the assumption that proof of such failure would be absolute proof of negligence, which, if shown to be a proximate cause of the injury, would entitle plaintiff to a verdict for damages, unless he was guilty of contributory negligence. In effect, after declaring that "failure to keep as near the right-hand curb as possible" constituted negligence, it directed a verdict in favor of the plaintiff if "such negligence proximately caused the injuries", unless contributory negligence had been proved by a preponderance of the evidence.

The entire width of a highway is devoted to public travel, and the authority of the city over the streets was conferred in general terms. It was only "to regulate the use of streets and alleys by vehicles." §8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53, cl. 31. And the power to enact and enforce "reasonable

traffic and other regulations except as to rates of speed"
was preserved by the motor vehicle act, so far as not
inconsistent with that act. §10476d Burns 1914, Acts
1913 p. 777, §17. But obviously an ordinance which
attempted to make it unlawful to drive on any part of
the street except "as near to the curb as possible" on
either side would not be a reasonable traffic regulation.
Whether the city had power, by ordinance, to require
that vehicles be driven "as near as practicable" to the
right-hand curb, is a question not before the court, but
we doubt its power to exclude automobiles that keep to
the right of the center from traveling near the center of
a paved street when not required to turn out to the
right side for another vehicle to pass. §10476b Burns
1914, Acts 1913 p. 777, §15.

Appellee insists that the error in giving this instruc-
tion was invited by the request of defendants for an
instruction (No. 2) which the court gave, to the
effect that, in order to recover, the plaintiff must
prove by a fair preponderance of the evidence
that the driver of the automobile "violated the ordi-
nance referred to and did not keep to his right side of
the street." But we do not think that this request in-
vited the instruction that failure to keep as near as
possible to the right curb was negligence for which
plaintiff could recover if it was a proximate cause of
his injury, unless he was proven guilty of contributory
negligence. Appellee also suggests that the instruction
under consideration could not have misled the jury,
because plaintiff's evidence was that the collision oc-
curred on his extreme right, next to the river, and the
evidence for defendants was that it occurred on Grif-
fith's extreme right, on the side away from the river.
But, after a careful study of the case, we cannot be
certain that the construction given to the ordinance by
this instruction, together with the direction to find for

the plaintiff if the ordinance had not been obeyed, unless contributory negligence were proved, did not influence the verdict. Therefore, the obvious error in giving it must be deemed harmful. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 228. The other questions discussed by counsel may not arise at another trial.

The judgment is reversed, with directions to sustain the motion of appellants for a new trial. ◦