AUTOMOBILE UNDERWRITERS, INC. *v.* SMITH.

[No. 18,683. Filed March 22, 1956.]

*Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellant.

*Clair McTurnan,* of Indianapolis, and *Elbert C. Cotton,* of Elwood, for appellee.

KENDALL, J.—On July 23, 1945, appellee was riding in a motor vehicle operated by her husband, driving easterly on a county highway known as Normandy Pike, a county highway near Tipton, Indiana, which highway intersected with another county road designated as Mary Hamm Road.

A truck owned by Fear Campbell Poultry Company, then being operated by one of its employees was proceeding southerly on the Mary Hamm Road approaching the intersection with Normandy Pike. The two cars collided at the intersection wherein appellee alleged to have sustained personal injuries. The Fear Campbell Poultry Company was insured with the State Automobile Insurance Association for whom the appellant herein is the attorney in fact. The Association had a policy which was in full force and effect on date of accident.

On September 26, 1945, an adjuster for the insurance company called at appellee's home and settled with the appellee and her husband, Lawrence E. Smith, for their respective damages, both personal and property. The insurance company executed and delivered its draft in the sum of Four Hundred ($400.00) Dollars to the appellee and her husband in full settlement therefor, which draft was not cashed until October 19, 1945.

Almost six years after the occurrence of the accident, appellee filed her action for damages resulting in this appeal by reason of alleged fraud and deceit made by the insurance adjuster in securing the release executed by appellee and her husband for Four Hundred ($400.-00) Dollars. The complaint alleged that the appellant company, by their agent, was intent upon depriving the

appellee of a valid and just claim and made representation of fact and knowledge which the defendant at that time knew to be false and untrue in that the appellant had experience in matters such as this; that the agent informed appellee that her recovery was in the process of being complete; that appellant was skilled in the law and prepared for plaintiff's own good to render her legal advice and that under a similar situation any lawyer would advise her the same as he would; that she did not need a lawyer; that the appellee would not be entitled to compensation for her injuries because appellee had an accident insurance policy covering doctor bills, etc.; that appellee herself was not entitled to anything from appellant or the said Fear Campbell Company by reason of said collision; that appellee could safely rely upon such statements.

Trial was had by jury resulting in a verdict favoring appellee in the sum of Five Thousand ($5,000.00) Dollars. Motion for new trial filed contained fifty-four specifications of alleged error which may be classified as, error of court in overruling appellant's motion to withdraw certain charges and allegations from consideration of the jury; error of court in overruling appellant's motion for directed verdict at the conclusion of the evidence; excessive damages; that the verdict was not sustained by sufficient evidence and was contrary to law; error of court in sustaining appellee's motion to recall appellee as a witness in her own behalf; error in admission of evidence; error in giving appellee's tendered instructions one to twenty, inclusive; error in refusing to give sixteen instructions tendered by appellant.

The assignment of errors are, error of court in overruling appellant's demurrer to appellee's complaint and error in overruling appellant's motion for new trial.

The release which appellee contends was obtained by fraudulent means of the adjuster was never introduced into evidence at the trial. In view of the nature of the appellee's complaint that a release was obtained by fraudulent means and the case was tried upon such theory, our attention is directed to appellee's tendered instruction number three, which was given by the court and is as follows:

"In determining whether a release was executed under mutual mistake justifying rescission, I instruct you that all of the circumstances relating to the signing of the release and the sum paid for the release are required to be taken into consideration."

To the giving of said instruction, the appellant offered the following objection:

"Defendant objects to this instruction tendered by the plaintiff and indicated that it will be given by the Court for the reason that said instruction is objectionable for the reason that it goes outside the issues of plaintiff's complaint. Plaintiff's complaint is founded upon intent of the defendant to defraud and deprive the plaintiff of her cause of action, that he knowingly and intentionally misrepresented to plaintiff certain facts. Mutual mistake is not alleged in said complaint as a ground of plaintiff's action. There is no allegation of such in plaintiff's complaint, but said complaint is predicated upon certain acts of misrepresentation and fraudulent statements."

By the giving of instruction number three, the jury was instructed on a matter that was not in issue either by pleading or proof. Appellee's complaint was predicated upon the theory of fraud and deceit being practiced by appellant's agent,—not mutual mistake. Under the pleadings before the court and the evidence adduced on trial thereof, mutual mis-

take was not an issue. As previously stated, the purported release alleged to have been executed by appellee was not introduced into evidence. We find no evidence that proved or attempted to prove a mutual mistake had been made by the parties. To the contrary, appellee alleged certain acts of fraud alleged to have been made by the insurance agent upon which she relied and accepted a draft of Four Hundred ($400.00) Dollars. We find no allegation or evidence that warranted the giving of such instruction. We believe that before a release can be rescinded or set aside on the ground of mutual mistake, that the mistake must be the mistake of both parties. *Gumberts* v. *Greenberg* (1953), 124 Ind. App. 138, 115 N. E. 2d 504; *Norwood* v. *Erie R. Co.* (1944), 114 Ind. App. 526, 53 N. E. 2d 189. There can be no doubt that instructions must be confined to the issues before the court. If an instruction is not applicable to the issues of the particular case, it is erroneous even though it might state the law correctly. *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680. We have examined the authorities cited by appellee in support of their contention that error was not committed by the giving of said instruction, but in view of the objection made, it cannot be overlooked as being error. There is nothing in the complaint or evidence that would even intimate that appellee relied upon mutual mistake as one of the grounds for the alleged action. If the appellee herself made a mistake and did not fully understand her physical condition or that her injuries became worse than she might have thought, does not constitute a mutual mistake that would warrant her to rescind the settlement agreement. At most it would only be a unilateral mistake upon her part which of itself would not entitle her to relief. *Gumberts* v. *Greenberg, supra.*

As previously mentioned, the release was never introduced into evidence. There was no proof of its loss or destruction nor the contents thereof. We believe that the instrument itself to be an indispensable part of the plaintiff's evidence in view of the complaint and the evidence introduced, and by the giving of instruction number three, the jury was told that they could determine whether the alleged release was executed as a result of mutual mistake justifying rescission thereof when in truth and in fact the purported exhibit was not before the court. Courts of appeal can only consider such facts as are properly certified as being evidence. *Webb* v. *Hammond* (1903), 31 Ind. App. 613, 68 N. E. 916.

Since it is fundamental that the appellee could only recover upon proof of probative value of the allegations of her complaint, it is fundamental that she cannot be permitted to complain of one thing and recover upon another theory. In the giving of instructions, it is the duty of the trial court to avoid leading the jury away from the issues made by the pleadings and the evidence introduced pertaining thereto. To adopt the language of the case of *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156, the trial court used this language: " . . . clearly stepped outside the case made by the pleadings in the giving of this instruction"; therefore, the giving of appellee's tendered instruction number three constituted error, it not being within the issues. The only way that such error could have been cured would have been to have withdrawn the instruction from the jury and for the court to have advised the jury to disregard the same. It is a general rule of law that if an instruction is given not pertinent to the issues and applicable to the evidence, that on appeal it will constitute prejudicial

error, unless the record clearly shows that the giving of the instruction was harmless. *Hayes Freight Lines v. Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580, and cases cited therein. In view of the allegations of appellee's complaint and the evidence pertinent thereto, we cannot say that this case comes within any exception to the general rule.

Since the judgment of the trial court must be reversed, it is needless to discuss further assigned errors.

Judgment reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 133 N. E. 2d 72.