CALLAHAN, ADMINISTRATOR ETC. *v.* NEW YORK CENTRAL RAILROAD COMPANY.

[No. 19,475. Filed March 14, 1962. Rehearing denied June 8, 1962. Transfer denied January 23, 1963.]

*Frank G. Stoessel,* of Greencastle, *Buena Chaney, Mann & Mann* and *Luther G. Johnson,* all of Terre Haute, for appellant.

*Rexell A. Boyd,* of Greencastle, *Jerdie D. Lewis, Lewis & Lewis,* of counsel, of Terre Haute, and *Marvin A. Jersild,* of Chicago, Illinois, for appellee.

COOPER, J.—This is an appeal from the Putnam Circuit Court wherein the appellant, as an administrator, brought an action alleging the negligence of the appellee herein in the alleged wrongful death of one Harry A. Patterson.

To the plaintiff's amended complaint, the defendant appellee filed its answer, including a second paragraph of answer, alleging that the sole, proximate cause of the collision involved was caused by the negligence of one Kendall Hooker, driver of the vehicle alleged to have been struck.

The cause was submitted to a jury, and the jury found in favor of the defendant. Within the proper

time, the appellant filed his motion for a new trial, the same being overruled. This appeal followed.

The appellant's assigned error is the court erred in overruling appellant's motion for a new trial.

Because we have determined the trial court erred in giving an instruction to which the appellant made a proper objection, we need not discuss other specifications of error averred in appellant's motion for a new trial. *Pub. Ser. Comm. of Ind.* v. *C., I. and L. Railway Co.* (1956), 235 Ind. 394, 399, 132 N. E. 2d 698; *Tribune-Star Publ. Co.* v. *Fortwendle* (1953) (T. D. 1954), 124 Ind. App. 618, 115 N. E. 2d 215; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

It appears from the record that the trial court gave appellee's tendered instruction #17 over the written objection of the appellant. This is specified as error in the appellant's motion for a new trial.

It appears said instruction told the jury:

"If you find by a preponderance of all of the evidence that the death of plaintiff's decedent was the result of a collision between a motor vehicle in which plaintiff's decedent was riding and a train operated by defendant, the fact alone, though inviting your sympathy, shall not entitle plaintiff to a verdict, and unless you find by a preponderance of all of the evidence in this case that such death was proximately caused by negligence on the part of the defendant, as alleged in plaintiff's amended complaint, *without negligence on the part of plaintiff's decedent,* your verdict must be for the defendant." (Our emphasis)

Thus, it is apparent that the instruction is mandatory and is also peremptory in effect. It unequivocally tells the jury that its verdict "must be" for the appellee

"unless" the jury finds that (1) death was proximately caused by the appellee's negligence, (2) *without negligence on the part of the decedent.*

Under this instruction the jury was not permitted to find for the appellant even though it should find that the appellee's negligence was the proximate cause of the decedent's death *unless it also found that the decedent was without negligence* so that whether the decedent's negligence contributed in any way to the fatal occurrence is not a fact required to be found by the jury. Under the instruction, as given, it was sufficient to defeat recovery by the appellant if the decedent was in some manner negligent, regardless of whether such negligence proximately or otherwise contributed to the collision resulting in the appellant's death.

It is clear that said instruction was harmful and prejudicial to the appellant. Notwithstanding the evidence may have established the negligence of appellee and that such negligence was the proximate cause of the collision and the consequent death of decedent, yet if there was evidence that appellant's decedent was guilty of negligence in some way, manner or particular, whether or not such negligence contributed in any way to the fatal occurrence, appellant by the instruction foreclosed any opportunity of a favorable verdict by the jury. It appears the instruction omitted the element of proximate cause as applied to negligence of the decedent. It is our opinion this instruction is erroneous, and since it is mandatory, it cannot be cured by other instructions. *Nepsha* v. *Wozniak* (1950), 120 Ind. App. 362, 366, 92 N. E. 2d 734; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 195, point 7, 73 N. E. 117; *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 104, points 8 and 9,

101 N. E. 642; *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 246, 132 N. E. 2d 919.

By reason of what we have heretofore stated, judgment is reversed and cause remanded, with instructions to sustain appellant's motion for a new trial.

Ax, J., Myers, J., Ryan, C. J., concur.

## ON PETITION FOR REHEARING.

COOPER, P. J.—Appellee petitions for a rehearing, asserting as the sole ground thereof that we erred in holding that the trial court erroneously gave appellee's tendered instruction number 17 over the appellant's objection thereto.

The alleged basis of appellee's charge of error by this court is that appellant did not make proper objection to said instruction on the ground that it was mandatory and appellant "failed to state specifically what necessary fact was omitted."

We are at a loss to perceive the validity of appellee's challenge. In pertinent part, one of appellant's objections to said instruction was "that the negligence on the part of the plaintiff must be the proximate cause of the injuries and death." Our opinion was predicated on that very error in the instruction. As we observed in our opinion, the questioned instruction required the jury to find appellant's decedent to be "without negligence" or "your verdict must be for the defendant." Thus, the "necessary fact" omitted from the instruction was that of proximate cause.

The instruction was so phrased and worded as to make the primary inquiry of the jury to be not whether any proven alleged negligence of the appellee was the proximate cause of the decedent's death, but

whether appellant's decedent was "without negligence." The instruction did not inform the jury that any found negligence of the appellant's decedent which proximately caused or contributed to his injuries and death would defeat appellant's recovery and require a verdict for appellee. On the contrary, it omitted entirely the fact of proximate cause with reference to any negligence of the decedent found by the jury. It is clear, therefore, that appellant's objection to instruction number 17 incorporated the charge of an omitted element. The objection, perhaps, was subject to more precise wording, but the substance of the asserted error in the instruction was of sufficient clarity and definiteness to apprise the trial court of the claimed erroneous defect therein.

The mandatory direction of the instruction was so inter-twined with the body thereof that appellant's objection, of necessity, carried with it the fact of the mandate. Said instruction, as drawn and given, was radically erroneous and severely prejudicial to appellant. As said in *Southern Ind. R. Co.* v. *Moore* (1902), 29 Ind. App. 52, at 55, 63 N. E. 863:

> ". . . where there is a radically erroneous instruction, it must appear from the record, beyond doubt, that it did not prejudice the complaining party, or the judgment will be reversed. From the whole record such fact does not appear."

The petition for rehearing is denied.

Ax, J., Myers, J., Ryan, J., concur.

NOTE.—Reported in 180 N. E. 2d 547. Rehearing denied 183 N. E. 2d 93.