CHRISTIAN *v.* GATES RUBBER CO. SALES DIVISION, INC., ET AL.

[No. 1068A177. Filed September 8, 1969. Rehearing denied October 8, 1969. Transfer denied December 19, 1969.]

*Raymond W. Gray, Jr., Barnes, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, for appellant.

*McDonald and McDonald,* of Princeton, for appellees.

LOWDERMILK, P.J.—This was an action commenced by plaintiff-appellee, The Gates Rubber Company Sales Division, Inc., against Christian Tire Company, Inc., and Roy Lowry and Elsie F. Christian individually for the recovery of $32,-012.22 for merchandise sold by appellee Gates, pursuant to warehousing agreements executed by Christian Tire Company, Inc., and Roy Lowry as Treasurer of said corporation on February 20, 1957, and March 31, 1959, respectively. The complaint also asks the court to set aside the chattel mortgage on the merchandise of Christian Tire Company, Inc., which was executed in favor of the appellant, Elsie F. Christian, on the grounds of fraud and an alleged conspiracy to defeat the rights of appellee, Gates, as a general creditor of Christian Tire Company, Inc.

Trial was had by jury, which returned a verdict in favor of Roy Lowry and against Christian Tire Company, Inc., in the amount of $16,500 and Elsie F. Christian in the amount of $15,500. Elsie F. Christian then filed her motion for a new trial, which motion was overruled, and this appeal followed.

The appellant assigns as error the overruling of the motion for new trial and argues that:

(1) The court erred in giving, over the objections of the appellant, appellee's tendered Instructions No. 6 and 9;

(2) Error was committed as to the forms of the verdict submitted;

(3) The verdict is contrary to law, and

(4) Error was committed in assessing damages.

The basic controversy in this case and issues presented were:

1. Whether and to what extent appellee Christian Tire was indebted to appellee Gates as of August 10, 1961; and if such an indebtednes did exist.

2. Whether a chattel mortgage given to appellant, on November 23, 1960, on the property of the appellee Christian Tire had been executed in fraud of the rights of appellee Gates as a creditor of appellee Christian Tire and should, therefore, be set aside.

3. Whether appellant and appellee Lowry, as directors of appellee Christian Tire, had on November 23, 1960, made a distribution of the assets of that corporation to shareholders or a loan thereof to an officer or director, so as to render them personally liable for the alleged corporate indebtedness sued upon—to the extent of such distribution and/or loan, if any.

Appellee Gates filed its motion to dismiss, or in the alternative, to affirm the judgment of the trial court on the ground that the summary of the evidence as set out in appellant's brief does not comply with Rule 2-17 (e) of the Rules of the Supreme Court, 1967 Revision.

The pertinent part of Rule 2-17 (e), *supra,* is as follows:

> "It shall be unnecessary to set out the entire record or the bill of exceptions with the evidence in the brief in a separate section thereof. In lieu thereof, the appellant shall set forth a summary of the evidence and *the record which he believes to be pertinent to the issues involved* in the initial portion of the argument section of the brief, with specific reference to the line and page in the transcript where such evidence may be found or the pleadings or other paper may be found." (Our emphasis.)

Appellant's brief has, in our opinion, been prepared in compliance with Rule 2-17 (e), and we, therefore, now deny appellee's motion to dismiss.

Although we are of the opinion that appellant's brief complies with said Rule 2-17 (e), it was necessary for appellee to make additions and supplementations in appellee's brief,

pointing out with specific citations in the transcript and line any corrections or additions.

We shall next discuss appellant's assignment of errors.

Appellee's tendered Instruction No. 6 reads in the words and figures as follows, to-wit:

"You are instructed that at all times mentioned in the plaintiff's complaint, there was a statute in force in the State of Indiana, which was binding upon the defendants Elsie F. Christian and Roy Lowry, which reads in pertinent part as follows:

'The directors of a corporation shall jointly and severally be liable for the debts and contracts of the corporation in the following cases;

'(1) For knowingly and willfully . . . assenting to the withdrawal or distribution to stockholders of the assets of the corporation if the corporation is, or is thereby rendered, insolvent or its capital is thereby impaired, in an amount equal to such . . . withdrawal or distribution.

'(2) For knowingly and willfully making or assenting to a loan to an officer or director, to the extent of the debts contracted between the time of making or assenting to such loan and the time of its repayment, in an amount equal to such loan.

'Unless a director was absent from the meeting at which such . . . withdrawal or distribution was declared or loan made, or unless his dissent therefrom shall be filed in writing with the secretary of the company, he shall be conclusively presumed to have assented thereto.'

"You are further instructed that if you find by a preponderance of the evidence that the defendants, Elsie F. Christian and Roy Lowry, were directors of the Christian Tire Company, Inc., on November 23, 1960, and if you further find by a preponderance of the evidence that said directors knowingly and willfully made a distribution of the assets of the corporation thereby rendering it insolvent or made a loan of any assets of the corporation, then in such event, if any, the directors of said corporation may be held liable under this statute."

Appellant's written objections to appellee's tendered Instruction No. 6 is in the words and figures as follows, to-wit:

"The defendant, Elsie F. Christian, objects to the giving of plaintiff's tendered instruction No. 6 which the Court has indicated it would give to the jury for the reason that the instruction is confusing and misleading as to the defendant, Elsie F. Christian, because it does not specify what parts, if any, of the statute therein contained may be applicable to Elsie F. Christian; and for the further reason that numbered paragraph (2) of said statute is wholly inapplicable to any issue raised by the pleadings in this cause and is wholly inapplicable to the defendant, Elsie F. Christian, for the reason that there is no evidence whatever that any loan was ever made by the corporation to Elsie F. Christian. Likewise, there is no evidence under numbered paragraph (1) of the statute that there was ever any withdrawal or distribution to Elsie F. Christian as a stockholder of Christian Tire Company, Inc., of any of said corporation's assets. To the contrary, all of the evidence shows that any and all payments by way of money, property or encumbrances were made at a time when Elsie F. Christian was not a stockholder in the corporation. This instruction is further misleading and confusing in that although the statute clearly states that numbered paragraph (2) thereof pertains only to loans to officers or directors of the corporation, the instruction insofar as the same reads as follows:

'and if you further find by a preponderance of the evidence that said directors knowingly and willfully made a distribution of the assets of the corporation thereby rendering it insolvent or made a loan of any assets of the corporation, then in such event, if any, directors of said corporation may be held liable under this statute.'

does not purport to apply only to distributions to stockholders or loans to officers, but loans or distributions generally, thus making said instruction confusing and making the same an incorrect and inconsistent statement of the law."

Appellee's tendered Instruction No. 9 reads in the words and figures as follows, to-wit:

"You are instructed that at all times mentioned there was in force a statute in the State of Indiana and binding on the defendants which provided as follows:

'No corporation shall make any advancement on account of services to be performed in the future or shall make any loan of money or property to any officer or director of the corporation.' "

Appellant's written objections to appellee's tendered Instruction No. 9 is in the words and figures as follows, to-wit:

"The defendant, Elsie F. Christian, objects to the giving of plaintiff's tendered instruction No. 9, which the Court has indicated it will give to the jury for the reason that said instruction is wholly beyond the issues presented by the pleadings in the case and does not apply under any evidence whatever to the defendant Elsie F. Christian and as to the said Elsie F. Christian, said instruction is confusing and misleading in that its application is not restricted to the defendant Roy Lowry. The only evidence in this cause by which any loans to any officers of any corporation might be inferred pertain to payments made by the corporation for the benefit of Roy G. Lowry in payment of his indebtedness; further, this instruction is confusing and misleading in that the Amended Complaint in this cause does not seek to recover any loan of money or property made to an officer or director of Christian Tire Co., Inc."

After examining the transcript and the briefs of the parties we are of the opinion that the appellant, Elsie F. Christian, unloaded her stock in the corporation to the secretary-treasurer thereof, namely, Roy Lowry, for a substantial consideration, knowing full well at the time of her resignation the corporation was insolvent.

Appellee's Instructions No. 6 and 9, in our opinion, properly instruct the jury as to liability of directors of a corporation for the doing of particular acts, such as loans, transfers or advancements to the corporate directors. This was a correct statement of the law, but was not within the issues as alleged; appellant Christian having skillfully ceased to be a director of the corporation before any stock assignment was made and the chattel mortgage executed to her by Lowry, as aforesaid. However, the jury obviously was not misled, nor was the general verdict influenced by these instructions, because the jury found against appellant, Christian, which it had a right to do under appellant Christian's tendered Instruction No. 9, which reads as follows:

"Under the amended complaint in this case, if you find that all of the allegations thereof have been proved by a preponderance of the evidence and that the Plaintiff should recover from the Defendants Lowry and Elsie F. Christian, then you are instructed that the Plaintiff's recovery as against Elsie F. Christian should be limited to the setting aside of the alleged fraudulent conveyance or the value of any benefit which you find she derived therefrom."

This instruction told the jury that if the jury found under the allegations of the amended complaint by a preponderance of the evidence that the plaintiff should recover against Elsie F. Christian, it should be limited to the setting aside of the alleged fraudulent conveyance *"or the value of any benefit which you find she derived therefrom."* (Our emphasis.)

The jury, by its general verdict, found against the appellant, Elsie F. Christian, in the amount of $15,500, in compliance, in our opinion, with said instruction.

Judge Sharp of this court, in the recent case of *Paxton* v. *Ferrell* (1969), 144 Ind. App. 124, 244 N. E. 2d 439, citing *Peckham* v. *Smith* (1960), 130 Ind. App. 452, 165 N. E. 2d 609, said:

" '[W]hile it is error to give instructions on an issue not supported by evidence, the giving of such instructions, does not require a reversal where no prejudice resulted to appellant.' "

The court, speaking further, said:

"This court has stated further that 'the initial point of inquiry in determining whether erroneous instructions are prejudicial is whether the jury was misled.' " (Citing cases.)

In the case of *Hayes Freight Lines* v. *Wilson* (1947), 226 Ind. 1, 77 N. E. 2d 585, our Supreme Court said:

"If an instruction is given which is not pertinent to the issues and applicable to the evidence, on appeal it will constitute prejudicial error unless the record clearly shows the giving of the instruction was harmless." (Citing cases.)

None of the parties in this litigation tendered interrogatories to the jury and this court is without the benefits ordinarily derived from answers to interrogatories. However, we have carefully examined all the instructions and considered them in harmony with each other and have concluded from the record that the giving of appellee's Instructions No. 6 and 9 was harmless and that the jury was fully and fairly instructed and arrived at a just result.

Burns' Rev. Stat., Vol. 2, part 2, 1968 Replacement, § 2-3231, reads in part as follows:

> "Defect in Form No Ground For Reversal—* * * nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Our Supreme Court said, in the case of *Engle* v. *Cleveland, etc. R. Co.* (1925), 197 Ind. 263, 149 N. E. 643:

> "A judgment will not be reversed because of instructions given by the court when it is affirmatively shown by the record that they did not prejudice the rights of appellant."

Appellant complains as to the forms of the verdict submitted by the court to the parties at the time of trial, and filed written objections thereto. Appellant did not, of her own motion, tender any forms of verdict to the court to be given to the jury with the request that they be given.

It is the law in Indiana that "if the parties want particular forms of verdicts submitted to the jury they should tender such forms to the court with the request that they be given to the jury." Indiana Practice, Vol. 2, § 1588, p. 448; West's Ind. Law Enc., Vol. 28, § 312, p. 303.

In the case of *Union Traction Co.* v. *Smith* (1921), 76 Ind. App. 487, 130 N. E. 813, the appellant made no request to submit forms of verdict to the jury and the court said:

> ". . . It was apparently satisfied to take its chances with the forms of verdict submitted by the court. And having

submitted no form requiring the jury to indicate its finding as to each separate paragraph of complaint, it cannot now be heard to complain."

The burden is cast upon the party complaining about the court's form of verdicts submitted to the jury to tender to the court a form of verdict covering the subject matter at issue with the request that the same be submitted to the jury. Appellant having failed to do this cannot now be heard to complain.

Appellant next complains that the verdict is contrary to law. The general rule in this regard is as follows:

". . . It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

*Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669. See also: *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447.

In determining whether the verdict was contrary to law we must consider the evidence most favorable to the appellee, together with any reasonable inferences which may be drawn therefrom.

An examination of the record discloses that there was ample evidence from which the jury was fully justified in reaching the conclusion that the appellee was entitled to the relief awarded by said verdict.

Finally, appellant contends there was error in assessing the damages in that the amount of recovery is too large.

Appellant's tendered Instruction No. 9, which was given by the court, informed the jury that if the jury found that the appellee proved its complaint by a preponderance of the evidence and should recover from the defendants Lowry and Elsie F. Christian, that the appellee's recovery as against Elsie F. Christian should be limited to the setting aside of

alleged fraudulent conveyance *"or the value of any benefit which you find she derived therefrom."* (Our emphasis.)

Appellant having requested that the jury be instructed as aforesaid and the court having so given appellant's tendered instruction to the jury, appellant cannot now complain that the damages assessed against her are too large, where there is ample evidence in the record on which such assessment of damages against appellant could be made.

This court finding no reversible error, the judgment is hereby affirmed.

Costs versus appellant.

Carson and Cooper, JJ., concur; Sullivan, J., dissents with opinion.

### DISSENTING OPINION

SULLIVAN, J.—I dissent from the majority opinion and its conclusion that the giving of appellee Gates Rubber Company's Instructions No. 6 and No. 9 was harmless and that the jury was fully and fairly instructed.

A detailed resume of the facts of record in the cause below are deemed essential to a proper consideration of the legal issues. While this court clearly cannot weigh the evidence nor should it search the record to reverse, an understanding of the evidentiary facts is very necessary to a determination of whether certain instructions are within the scope of the issues and evidence.

From 1957 until 1961, appellee Gates Rubber Co. was a supplier of tires for Christian Tire Co. under a warehousing agreement.

Immediately prior to November 23, 1960, all of the issued and outstanding shares of Christian Tire Co. were owned by appellant, Elsie Christian, and she had been the president and a director of the corporation. Appellee Lowry had been the treasurer, a director and the general manager of the business and had been trying for several years to buy the corporation.

Employees of Gates Rubber Co. knew of the desired purchase and encouraged Mr. Lowry to buy the corporation from Mrs. Christian.

On or about November 3, 1960, appellant agreed to sell all of her interest in Christian Tire Co. to Lowry.

On November 23, 1960, a special meeting of the board of directors of Christian Tire Co. was held, the minutes of which, insofar as pertinent, reflect the following:

"A special meeting of the Board of Directors of Christian Tire Company, Inc. was held at 10:30 o'clock A.M. on November 23, 1960, pursuant to notice having been given to all of the directors, and the following directors, representing a majority of the Board, were present as follows:

Elsie F. Christian
Roy Lowry
Viola Lowry

"Elsie F. Christian acted as Chairman of the meeting and Viola Lowry acted as Secretary thereof. The Chairman stated that negotiations had been concluded whereby she was selling and transferring to Roy Lowry all of her shares of stock in the company under an arrangement whereby Roy Lowry has agreed to execute his promissory note to her in the amount of $31,903.00 for a portion of the shares of stock and to secure the said note by a pledge of 288 shares of stock of Christian Tire Company, Inc. and also to secure the same by the execution of the note, as co-maker, by the Christian Tire Company, Inc., together with the execution by the company of a chattel mortgage on its equipment and inventory to secure the payment of the said note in case of the default in payment thereof by the said Roy Lowry. After a discussion of this matter and upon motion made, seconded and carried, it was RESOLVED that the officers of the company be, and they are hereby, authorized to execute the aforesaid note and the aforesaid mortgage securing the same, on behalf of this corporation, and to deliver the same to Elsie F. Christian.

"Elsie F. Christian then tendered her resignation as director and President of the corporation and the same was accepted by the Board, whereupon, Elsie F. Christian stated that her duties and responsibilities with respect to her offices as director and President of the company had terminated and requested that Roy Lowry act as Chairman of the

meeting of the Board for the purpose of continuing the meeting for the transaction of further business."

Following this meeting and on the same day, November 23, 1960, Mrs. Christian and Mr. Lowry consummated the sale by executing the documents called for by their agreement. Mrs. Christian executed a bill of sale for the stock and Mr. Lowry executed a note and chattel mortgage, both individually and as president of Christian Tire Co. It must be observed that the execution of the documents called for by their agreement occurred after Mrs. Christian had ceased to be an officer and director of the corporation.

At the time the stock transaction was consummated, Christian Tire Co.'s indebtedness to Gates Rubber Co. was in excess of $35,000.00. Mr. Lowry, as treasurer and general manager of Christian Tire Co. had actual knowledge of the financial condition of the corporation.

The $5,000.00 which Mr. Lowry paid Mrs. Christian as a down payment for her stock came from his own funds which he had raised by cashing in an insurance policy and by borrowing upon his home and from a bank. In addition, Mr. Lowry paid Mrs. Christian $8,900.00 on his indebtedness to her at the rate of $300.00 monthly during the years 1961, 1962 and a portion of 1963. Such monthly payments were made by Mr. Lowry from funds of Christian Tire Co. by corporate check. Mrs. Christian was not a shareholder, officer or director of Christian Tire Co. at the time these payments were made by Mr. Lowry and had no direct or indirect control over the mode of said payment. On August 10, 1961, Gates Rubber Co. cancelled its agreement with Christian Tire Co. As of September 8, 1961 (almost a year after the sale of the corporation by Mrs. Christian), Mr. Lowry had reduced the debt to Gates Rubber Co. by approximately $10,000.

Mr. Lowry made no further payments on his indebtedness to Mrs. Christian after June or July of 1963. He continued to operate the business of Christian Tire Co. (not in association

with Gates Rubber Co.) until October 31, 1964, at which time he abandoned the business and its property.

On October 23, 1961, Gates Rubber Co. filed suit against Christian Tire Company, Inc., and Roy Lowry and Elsie F. Christian, individually and alleged in an amended complaint:

"7. That on the 23rd day of November, 1960, at a time when $35,253.14 was due and owing to the plaintiff, the defendants, and each of them, entered into a conspiracy to cheat, hinder, delay and defraud the plaintiff.

"8. That in pursuance of said conspiracy, and in execution thereof, it was agreed between said parties that Elsie F. Christian should, and she did, then convey to Roy Lowry 333 shares of stock in the Christian Tire Company, Inc. in consideration of Roy Lowry agreeing to cause the Christian Tire Company, Inc. to execute a chattel mortgage on equipment and merchandise inventory of the Christian Tire Company, Inc.; that said agreement was fraudulent to the plaintiff in that the principal stockholder in the Christian Tire Company, Inc. was permitted to sell her stock and get in return a chattel mortgage on said equipment and merchandise inventory putting herself ahead of the plaintiff creditor and leaving the Christian Tire Company, Inc. wholly insolvent; that said Christian Tire Company, Inc. has executed said chattel mortgage to Elsie F. Christian so as to cheat, hinder, delay and defraud the plaintiff."

Plaintiff prayed for:

"[J]udgment of $32,012.22, costs, interest, that the said fraudulent conveyance be declared void, and of no effect and for all other just and proper relief in the premises."

Trial was had by jury, which returned the following verdict:

"We, the Jury, find in favor of the plaintiff and against the following defendants in each the following amounts:
Christian Tire Company, Inc.  $16,500.00
Elsie F. Christian  $15,500.00
"We, the Jury, find in favor of the following defendants and against the plaintiff as to said defendants:
Roy Lowry"

I believe we must, as a matter of law, reverse the verdict and the judgment of the trial court.

Appellee's Instruction No. 6 reads as Follows:

## "INSTRUCTION No. 6

"You are instructed that at all times mentioned in the plaintiff's complaint, there was a statute in force in the State of Indiana, which was binding upon the defendants Elsie F. Christian and Roy Lowry, which reads in pertinent part as follows:

" 'The directors of a corporation shall jointly and severally be liable for the debts and contracts of the corporation in the following cases;

" '(1) For knowingly and willfully . . . assenting to the withdrawal or distribution to stockholders of the assets of the corporation if the corporation is, or is thereby rendered, insolvent or its capital is thereby impaired, in an amount equal to such . . . withdrawal or distribution.

" '(2) For knowingly and willfully making or assenting to a loan to an officer or director, to the extent of the debts contracted between the time of making or assenting to such loan and the time of making or assenting to such loan (sic) and the time of its repayment, in an amount equal to such loan.

" 'Unless a director was absent from the meeting at which such . . . withdrawal or distribution was declared or loan made, or unless his dissent therefrom shall be filed in writing with the secretary of the company, he shall be conclusively presumed to have assented thereto.'

"You are further instructed that if you find from a preponderance of the evidence that the defendants, Elsie F. Christian and Roy Lowry, were directors of the Christian Tire Company, Inc., on November 23, 1960, and if you further find by a preponderance of the evidence that said directors knowingly and willfully made a distribution of the assets of the corporation thereby rendering it insolvent or made a loan of any assets of the corporation, then in such event, if any, the directors of said corporation may be held liable under this statute."

Appellee's Instruction No. 9 reads as follows:

### "INSTRUCTION No. 9

"You are instructed that at all times mentioned there was enforce (sic) a statute in the State of Indiana and binding on the defendants which provided as follows:

" 'No corporation shall make any advancement on account of services to be performed in the future or shall make any loan of money or property to any officer or director of the corporation.' "

Notwithstanding the fact that these instructions might well constitute correct statements of abstract legal principles, they are not pertinent to the issues nor applicable to the evidence in this cause.

First, Instruction No. 6 is premised upon the supposition that the jury might properly find that Mrs. Christian at the time when she was a director and officer of the corporation (1) assented to a withdrawal or distribution to stockholders of assets of the corporation; or (2) assented to a loan to an officer or director. As to appellee's Instruction No. 9, the jury must have been able to properly find that the corporation made an advancement on account of services to be performed in the future, or made a loan to an officer or director. It is clear, I believe, that the stock sale and security transactions between Mrs. Christian and Mr. Lowry do not constitute a withdrawal, distribution, loan or advancement of corporate assets.

Secondly, the execution of the note and chattel mortgage by the corporation was *ultra vires*. In *Industrial Scavenger Service, Inc.* v. *Speedway State Bank* (1964), 136 Ind. App. 405, 417, 202 N. E. 2d 289, the court quoted with approval from *First Merchants National Bank* v. *Murdock Realty Company* (1942), 111 Ind. App. 226, 39 N. E. 2d 507, as follows:

" ' "It is no part of the ordinary business of commercial corporations, and, *a fortiori*, still less so if non-commer-

cial corporations, to become surety for others. Under ordinary circumstances, without positive authority in this behalf in the grant of corporate power, all engagements of this description are *ultra vires,* whether in the indirect form of going on accommodation bills, or otherwise becoming liable for the debts of others. . . ." ' "

The court further said at page 418:

"* * * we cannot but conclude that the purported execution by R. N. Kroot, as President of appellant * * * was not in the furtherance of appellant's corporate purposes; that it is *ultra vires* and not binding on appellant and, further, that the introduction into the evidence of the instruments sued upon was reversible error." (citation omitted)

Appellee Gates Rubber Co. acknowledged this fact in a letter written by its general credit manager to the attention of Mr. Lowry at Christian Tire Company, Inc., which letter reads, in part, as follows:

"For the benefit of both you and Mrs. Christian in giving this further consideration I should point out that we believe it is beyond the power of the Company to execute a note or chattel mortgage securing the indebtedness from yourself to Mrs. Christian. If we find it necessary to discontinue our program with you we naturally would approach the recovery of all indebtednes to us on that basis. * * *"

Because the execution of the note and the chattel mortgage by the corporation was *ultra vires* it was invalid not only as to the corporation, but as to creditor-appellee Gates Rubber Co. and as to Mrs. Christian as well. Appellee's Instructions 6 and 9 would allow the jury to validate such security transaction without basis and to then convert, through sheer speculation, the revived transaction into a withdrawal, distribution, loan or advancement. The promotion of such legal gymnastics and rank speculation cannot be condoned.

The reason for not permitting instructions which are not pertinent to the issues nor applicable to the evidence is the strong probability that they will confuse or mislead the jury, and such danger is readily apparent if an instruction sug-

gests, as here, the presence of evidence when there is none. The following language from *Hays* v. *Hynds* (1867), 28 Ind. 531, 537, as quoted in *Cleveland, Cincinnati, Chicago and St. Louis Railway Company* v. *Case* (1910), 174 Ind. 369, 378, 91 N. E. 238, is particularly pertinent with reference to the misleading quality of such instructions:

> " 'Instructions should be pertinent to the case. Juries are apt to assume, and are justified in assuming, that they are applicable. * * * And unless the jury utterly disregarded the instruction, it could scarcely fail to mislead them.' "

It is, therefore, generally and wisely held that if an instruction is given which is not pertinent to the issues and not applicable to the evidence, on appeal it will constitute prejudicial error unless the record clearly shows the giving of the instruction was not harmless.[1] *Hayes Freight Lines, Inc.* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580; *Cleveland, etc., Ry.* v. *Case, supra.* In the *Cleveland, etc., Ry.* case, the court reversed the trial court because an instruction given was outside the issues and the evidence. The court said at page 376:

> "As a general rule, where it is shown in a case on appeal to this court that the trial court committed a material error in some ruling, either in giving instructions or otherwise, we must presume that such erroneous ruling was prejudicial to the party complaining in respect thereto, unless it affirmatively appears in some manner from the record that the ruling was harmless, *and the burden is not upon the party claiming to be aggrieved thereby to show that he was prejudiced by the erroneous ruling, but the burden rests upon the opposite party to show by the record in the case that the party complaining was not harmed thereby.*" (citations omitted) (Emphasis added)

See also *National Motor Vehicle Co.* v. *Pake* (1915), 60 Ind. App. 366, 109 N. E. 787. The case at hand falls squarely within the rule of the *Wilson* and *Cleveland, etc., Ry.* cases

---

[1] At least one case imposed a more rigid burden of showing the absence of prejudice. In *Southern Indiana Ry.* v. *Moore* (1902), 29 Ind. App. 52, 63 N. E. 863, the court required that the record show the absence of prejudice "beyond doubt".

and is so recognized by the majority opinion which cites the *Wilson* case and quotes the "clear showing" rule.

The majority contends, however, that the general verdict was not influenced by appellee's Instructions 6 and 9 "because the jury found against appellant, Christian, which it had a right to do under appellant Christian's tendered Instruction No. 9." Said instruction reads as follows:

### "INSTRUCTION 9

"Under the amended complaint in this case, if you find that all of the allegations thereof have been proved by a preponderance of the evidence and that the plaintiff should recover from the defendants Lowry and Elsie F. Christian, then you are instructed that the plaintiff's recovery as against Elsie F. Christian should be limited to the setting aside of the alleged fraudulent conveyance or the value of any benefit which you find she derived therefrom."

Even assuming that the jury *could* properly find against Mrs. Christian under her Instruction No. 9 (a questionable proposition since that instruction is primarily a damage instruction. See *Cleveland, etc., Ry.* v. *Case, supra*), such alone cannot discharge the burden imposed upon the appellee Gates Rubber Co. to show affirmatively by the record that she was not harmed by the objectionable instruction. The majority opinion assumes appellant's Instruction No. 9 was the basis upon which the jury reached its verdict. Such speculation is unwarranted. In *Public Service Co. of Indiana* v. *DeArk* (1950), 120 Ind. App. 353, 92 N. E. 2d 723, the court in holding an instruction erroneous as not applicable to the issues or the evidence said at page 360:

"The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in the evidence of the trial. (citations omitted)

"In considering the effect of an erroneous instruction we must assume that the error influenced the result, unless it appears from the evidence, or by some part of the record,

such error did not affect the result, and that the verdict under proper instructions could not have been different.

\* \* \*

"By reason of such erroneous instruction, the case to that extent was tried on an improper legal definition of the duty owed by the appellant under the circumstances, and justice was not done."

See also *Jones* v. *Beasley* (1921), 191 Ind. 209, 131 N. E. 225; *New York Central RR.* v. *Knoll* (1965), 140 Ind. App. 264, 204 N. E. 2d 220; *City of Evansville* v. *Cunningham* (1964), 138 Ind. App. 39, 202 N. E. 2d 384; *Automobile Underwriters, Inc.* v. *Smith* (1956), 126 Ind. App. 332, 133 N. E. 2d 72; *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797.

In this case it may be that the verdict would have been the same even if appellee's Instructions 6 and 9 were not given but we do not know that. *Benninghof-Nolan Co.* v. *Adcock* (1923), 194 Ind. 33, 141 N. E. 782. *Indianapolis Street Ry.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978.

Further, the following language from *Pawlisch* v. *Atkins* (1932), 96 Ind. App. 132, 138, 182 N. E. 636, although dealing with an erroneous statement of law upon a material issue as contained in a given instruction, rather than an instruction not within the issues or applicable to the evidence, is appropriate:

"But it is contended by the appellee that the instructions as a whole gave the jury a correct idea of the law and that a correct result was reached and that the giving of said instruction in the instant case, even though it be erroneous, did not constitute reversible error.

"It is true that instructions are to be considered together and that thereby many defects, verbal inaccuracies and incomplete statements are remedied or rendered harmless so that, notwithstanding such defects in particular instructions, the court may know and decide that the instructions, when considered as a whole, correctly state the law of the case, yet where an instruction deals with a material proposition or issue of the case and is erroneous, the presumption is that the error was harmful unless it affirmatively appears

that it was not prejudicial. In such a case the error of such an instruction can not be cured by the giving of other instructions which contradict the erroneous instruction, but to avoid the effect of such error the erroneous instructions must be withdrawn. *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788."

The very recent decision of our Supreme Court in *Merriman* v. *Kraft* (July 15, 1969), 253 Ind. 58, 249 N. E. 2d 485, 18 Ind. Dec. 218, does not dilute the validity of the above statement for in the *Merriman* case, the Supreme Court clearly held that the instruction there considered was, if erroneous at all, insufficient solely because of minor "verbal inaccuracies." It is therefore distinguishable from authorities cited therein.

In *Paxton* v. *Ferrell* (1969), 144 Ind. App. 124, 244 N. E. 2d 439, cited by the majority, the absence of harm was affirmatively shown by interrogatories answered by the jury which clearly disclosed that the objectionable instruction was deemed inapplicable. However, in this case there were no interrogatories. Appellee made no attempt to show the absence of prejudice, nor is such showing made by the patently erroneous conclusion that *all* the instructions are in harmony with each other. In view of its earlier statement that appellee's Instructions 6 and 9 were not within the issues, I wholly fail to understand of what substance the majority has manufactured its curative "harmony".

The majority opinion further justifies its decision on the belief that the jury arrived at a just result. With reference to this self-serving conclusion I would merely point out the unassailable determination made in *Evansville and Terre Haute R. R.* v. *Hoffman* (1914), 56 Ind. App. 530, 539-540, 105 N. E. 788:

"* * * The rule which enables this court to affirm notwithstanding intervening errors, is a wholesome one . . ., but its application is limited to cases which enable the court to say from the record that notwithstanding the errors committed, a correct result was reached. The presumption is

that the jury followed the instructions of the court and where the errors relate to material questions, and the record does not affirmatively show that the complaining party was not harmed thereby, such errors are prejudicial and entitled appellant to a reversal." (citations omitted)

The presumption of prejudice to appellant from the instructions herein considered remains unrebutted and binding upon this court. I would, therefore, reverse and remand for a new trial.

NOTE.—Reported in 250 N. E. 2d 486.